(20 Misc. Rep. 207.)

## KUTNER v. FARGO.

(Supreme Court, Trial Term, New York County. April, 1897.)

1. MALICIOUS PROSECUTION—LIABILITY FOR ACTS OF WITNESSES.
   The prosecutor in a criminal case is not liable to defendant therein for the malicious acts of witnesses called by a person representing the prosecutor in the proceeding, unless there was a conspiracy between such person and the witnesses.

2. SAME—TESTIMONY OF EMPLOYES OF PROSECUTOR.
   The prosecutor in a criminal case is not chargeable with the malicious acts of his clerks in testifying as witnesses for the prosecution, since giving testimony in such case is not within the scope of their employment as clerks.

3. MASTER AND SERVANT—MALICE OF SERVANT.
   In New York a corporation is liable in exemplary damages for the willful or malicious acts of its servants only where the acts were within the scope of the employment, and were previously authorized or were subsequently ratified.

4. EXEMPLARY DAMAGES—INSTRUCTIONS.
   An instruction as to exemplary damages is erroneous unless it states what facts must be found to warrant an award of such damages.

Action by Harry H. Kutner against James C. Fargo, as president, etc., for malicious prosecution. There was a verdict in favor of plaintiff, and defendant moves for a new trial. Granted.

M. S. & I. S. Isaacs, for plaintiff.

Carter & Ledyard for defendant.

DUGRO, J. There was substantial error at the trial. At most, S. was the person representing defendant in the prosecution; no others had been authorized to prosecute in its behalf. S., if authorized to prosecute, had a right to go before the magistrate with any witnesses he might have to substantiate his charge; and, unless there was a conspiracy between him and the witnesses, their acts of malice should not be chargeable to him, and so to defendant. In acting as witnesses, these clerks could not be said to be acting within the scope of their employment, for it is no part of the duties of a clerk's employment to testify as a witness in a criminal proceeding. It is a duty he owes the state, and incidentally to the prosecutor, independent of employment. If this is wrong, and the malice of a witness is constructively that of defendant, still there was error, and that in the main charge, upon the subject of exemplary damages.

The decisions in this country upon the question of the liability of a corporation in exemplary damages for the willful or malicious acts of its agents are divided into three classes. One holds the corporation never liable; another holds the corporation liable if the wrongful act was done by a servant acting within the scope of his authority; a third recognizes the liability if the wrongful act was within the scope of the employment, and was previously authorized, or subsequently ratified, by the corporation. The New York decisions and those of the United States supreme court seem to incline to the third class. Railway Co. v. Prentice, 147 U. S. 101, 13 Sup. Ct. 261; Cleghorn v. Railroad Co., 56 N. Y. 47; Townsend v. Railroad

Co., Id. 299; Caldwell v. Steamboat Co., 47 N. Y. 282; The Amiable Nancy, 3 Wheat. 546. A note upon these cases will be found in Hagan v. Railroad Co., 62 Am. Dec. 379. Samuels v. Association, 75 N. Y. 604 (an affirmance on the dissenting opinion in 9 Hun, 288), does not conflict with this view, as in that case the management of the paper as to publication, etc., had been wholly committed to the discretion of the agents, and so actual malice was brought home to the defendant.

Sedgwick on the Measure of Damages (section 378) says:

"It is the better opinion that no recovery of exemplary damages can be had against a principal for the tort of an agent or servant, unless defendant expressly authorized the act as it was performed or approved it.  *  *  *"

See, also, Mor. Priv. Corp. §§ 728, 729.

56 N. Y. 299, explaining 47 N. Y. 282, reads:

"Nor does it hold that a master is liable to punitory damages for the wrongful act of his servant if free from any wrong of his own. It does hold that a corporation is liable for punitory damages for its own torts and breaches."

Constructive malice in such a case will not suffice to warrant exemplary damages; for, though constructively guilty of malice, one may, nevertheless, be free from personal wrong. For these damages the criminal intent must be brought home to the principal. 147 U. S. 101, 13 Sup. Ct. 261.

"The act of a servant is not the act of the master, even in legal intendment or effect, unless the master previously directs or subsequently adopts it. In other cases he is liable for the acts of his servant, when liable at all, not as if the acts were done by himself, but because the law makes him answerable therefor." Harris, Dam. Corp. § 6.

In Hagan v. Railroad Co., 3 R. I. 88–91, Shep. Cas. Corp. 157, it is laid down that:

"Punitive damages will not be allowed against a principal unless he participated in the wrongful act of his agent, expressly or impliedly authorized it, or approved it either before or after it was committed, so he becomes particeps criminis of his agent's act. They will not be allowed where the proof does not implicate the principal, and, however wicked the servant may have been, the principal neither expressly nor impliedly authorized or ratified the act, and the criminality of it is as much against him as against any other member of society.  *  *  * It is quite enough that he shall be liable in compensatory damages for the injury sustained in consequence of the wrongful act. No man should be punished for that of which he is not guilty."

To warrant an inference of ratification, there must be proof that the principal or his proper representative had knowledge of the agent's malice, or that circumstances existed which warranted an inference that he believed the agent to have been guilty of a malicious act; for there could be no ratification, such as would warrant exemplary damages, unless the malice of the subordinate was known to the one ratifying, or unless it can fairly be said that he had an intention to take upon himself without inquiry the risk of any improper acts as his own. Wright, Prin. & Ag. 34. Actions for malicious prosecution are not favored in the law, and more than usual care must be exercised at a trial, or injustice will be done a defendant.

The point that the exception to that part of the charge which referred to exemplary damages was not sufficient is not well taken. In

instructing a jury, the rule of exemplary damages should be stated with its restrictions and limitations, and it should not be left wholly to the discretion of the jury.    56 N. Y. 49.    In the present case, as in the case cited, the jury were nowhere instructed what facts were requisite to be found to warrant exemplary damages.    The jury were left at liberty to adopt any rule of liability, and to punish for any conduct which they might condemn.    They may have allowed exemplary damages without finding the necessary facts authorizing them to do it, and so the defendant may have been injured.

The court, at the request of plaintiff, charged "that if the jury find the prosecution of the plaintiff was instigated by defendant's agents acting in its interest, and within the scope of their general authority, then the defendant is chargeable with," etc.    This was stated by plaintiff's counsel to have reference to E., as well as to S.  To this charge defendant excepted.    As the jury may have been misled into the view that, from the evidence, they might say that it was within the general authority of E. to instigate the prosecution, this was error.

Upon the whole case, the motion to set aside the verdict and for a new trial should be granted.

Certain considerations, unnecessary to specify, compel me to rely upon my memory of what took place at the close of the trial.    In view of the doubt that must exist as to the correctness of my recollection and the plaintiff's circumstances, I trust the defendants will bear the expense of printing the case upon the stipulation referred to at the hearing.    It may be well to mention that the stenographer's minutes do not contain all that was said at the conclusion of the trial.    So far as they go, except in respect to the last page, they are correct.    According to my recollection, I withdrew my denial of the motion to set aside the verdict and for a new trial, and withheld my decision in respect to it.

Motion granted.