Susan Dann, Appellant, *v.* Maurice S. Wormser, Respondent.

*Malicious prosecution — liability of the instigator, although he does not make the complaint — statement of the complainant that the complaint was true — excessive extra allowance.*

The instigator of a malicious prosecution is liable to the person prosecuted, although the formal complaint upon which the latter was arrested was made by some one else.

What evidence, given in an action for malicious prosecution brought by a domestic servant, who was arrested upon the charge of stealing her master's silverware on a formal complaint made by a police officer, is sufficient to raise a question for the determination of the jury as to whether the prosecution of the plaintiff was instigated by the master, considered.

The master is not relieved from liability upon the ground that the statements contained in the complaint of the police officer were true, where the police officer swears: "The complaint I swore to was a truthful statement of all the facts mentioned, *as far as my conscience would let me state.* My complaint contained nothing but the truth" — the intimation from such testimony being that the conscience of the police officer would not allow him to state all the facts.

An extra allowance of $1,000, in such an action, held to be excessive.

Appeal by the plaintiff, Susan Dann, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 21st day of May, 1898, upon the dismissal of the complaint by direction of the court after a trial at the New York Trial Term.

This appeal was transferred from the first department to the second department.

*Charles Gibson Bennett* [*Theodore F. Humphrey* with him on the brief], for the appellant.

*Herbert R. Limburger* [*Alfred Lauterbach* with him on the brief], for the respondent.

Willard Bartlett, J.:

The complaint sets out a cause of action for malicious prosecution. At the close of the plaintiff's case counsel for the defendant moved that the plaintiff elect whether he desired to proceed upon the theory of malicious prosecution or false imprisonment. The plaintiff's counsel declined so to elect, whereupon the defendant moved to dis-

miss the complaint on the ground that the plaintiff had failed to establish a cause of action, and the court granted the motion. The costs awarded by the judgment against the plaintiff, who is a domestic servant, include an extra allowance of $1,000.

The plaintiff was accused of the larceny of certain silverware which was stolen from the dwelling of the defendant while she was a servant in his household. She appears to have been suspected as soon as the silver was missed, but she was not arrested until several days later, and then, not upon a formal complaint by Mr. Wormser, but upon one which appears to have been made by a police officer, who testified upon the trial of the present case, however, that Mr. Wormser did not ask him to arrest the plaintiff at any time, but that he made the arrest on his own account, after an investigation. Hence, it is argued that the plaintiff failed to show that the criminal proceedings were instituted by the defendant. This would be correct if there were no other evidence on the subject of Mr. Wormser's connection with the prosecution. But there is other proof which tends to show that he instigated the penal proceedings against the girl. The same police officer says: " He asked me whether if I did not think if the girl was arrested probably she might confess." Mr. Wormser, according to the testimony of the plaintiff herself, distinctly accused her of stealing his silver, said that he delivered her up to the detectives, requested the magistrate before whom she and her husband were arraigned to postpone the hearing in order that further evidence for the prosecution might be produced, and on the adjourned day said to the magistrate, " I want those prisoners held." The plaintiff was kept in custody from Monday until Friday, when the grand jury refused to indict her, and she was released.

This evidence was enough, we think, to make a question for the jury as to whether the defendant was not really the prosecutor. If he was the real party, it mattered not that the formal complaint was made by some one else. (*Miller* v. *Milligan*, 48 Barb. 30, 37.) " It is immaterial," says Mr. Addison, " whether the defendant alone makes the charge, or whether he stirs up and procures another to do it. In either case, he is liable in damages." (1 Add. Torts [6th ed.], 231.)

The liability of the respondent is denied on the further ground that all the statements contained in the complaint made by the police

officer against the plaintiff were true, and, hence, that if any one is liable it is the magistrate and not the persons instrumental in procuring him to act. (See *Dennis* v. *Ryan*, 65 N. Y. 385.) The case on appeal, however, does not contain any copy of the criminal information, or any definite statement of its contents. The policeman simply says : " The complaint I swore to was a truthful statement of all the facts mentioned, *as far as my conscience would let me state.* My complaint contained nothing but the truth." It is impossible to tell, with any certainty, what the witness means by the " facts mentioned," especially in view of his intimation that his conscience would not let him state them all.

With reference to the question of want of probable cause, the case clearly falls within the doctrine of *Heyne* v. *Blair* (62 N. Y. 19), which requires that question to be submitted to the jury, even where there is no dispute in the evidence, if the facts proved are capable of supporting different inferences.

The plaintiff should have been allowed to go to the jury on all the elements of her cause of action for malicious prosecution. The dismissal of the complaint was, therefore, erroneous, and for this error the judgment must be reversed. Even if the judgment could be sustained so far as the dismissal is concerned, we should feel bound to reverse that portion which awards the defendant $1,000 extra allowance. The imposition of costs to this amount is a severe penalty to inflict upon a domestic servant in favor of an employer by whom she has been accused of a crime of which she must be deemed innocent. It savors too much of punishment for having had the hardihood to sue.

All concurred.

Judgment reversed and new trial granted, costs to abide the event.