FRANK ANDERSON, Respondent, v. DAVID DYER, Appellant.

Second Department, June 18, 1919.

Malicious prosecution — essential elements of cause of action — facts presenting a case for jury on question whether criminal proceeding instituted by defendant — facts showing justification for instituting criminal prosecution — when question for jury — inference of malice from want of probable cause — facts negativing malice — necessity for extraordinary care in trial.

In an action for malicious prosecution the plaintiff must, in order to be successful, allege and prove that the proceeding complained of was instituted by the defendant, without probable cause, and with malice, and that the proceeding had terminated in the plaintiff's discharge or acquittal.

Where the evidence shows that the defendant as soon as he discovered the loss of his motor boat, placed the matter in the hands of the police, and from that time on did nothing except as directed by the police, that he signed a complaint at the direction of the police without taking part in the preparation thereof, except to answer such questions as were put to him, and he testifies that he thought it was a matter for the police to

determine whether the plaintiff should be prosecuted, and that prior to this a police detective made an affidavit for the purpose of having the plaintiff held and told the defendant that he was going to hold him, the question as to whether the defendant instituted or prosecuted the criminal proceeding is a question that should be passed upon by the jury.

Where, prior to the plaintiff's arrest, and at police headquarters, a son of one of the defendant's employees stated that he with the plaintiff and another boy took the boat, if the defendant believed this statement and believed that the boat was taken *animo furandi,* he was justified in instituting a criminal prosecution.

But where the defendant testified that when he heard the boat had been stolen he thought it was some joy ride, a question of fact was raised for the jury as to whether or not the defendant believed at the time he instituted the proceeding that the plaintiff stole the boat.

The jury should have been clearly instructed that if the defendant believed that the plaintiff stole his boat, then upon the facts stated he had reasonable ground for instituting the criminal prosecution.

In an action for malicious prosecution malice may be presumed from the want of probable cause, but the jury is not bound to draw that inference.

The facts stated herein indicate clearly that the defendant was doing what he thought he was required to do in view of the fact that he was doing it in the presence of a police officer and of a magistrate and was acting practically under their direction and was, therefore, acting without malice.

Actions for malicious prosecution require more than usual care in the trial thereof, that an injustice may not be done the defendant.

RICH, J., dissented.

APPEAL by the defendant, David Dyer, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 7th day of May, 1918, upon the verdict of a jury for $500.

*John J. Pheelan* [*J. M. Cohen* with him on the brief], for the appellant.

*Thomas Cradock Hughes* [*Peter P. Smith* with him on the brief], for the respondent.

JAYCOX, J.:

The complaint set forth a cause of action for false imprisonment and another for malicious prosecution. At the close of the plaintiff's case the false imprisonment action was dismissed and the trial proceeded upon the action for malicious prosecution.

The defendant is a butcher engaged in selling meats to

steamships. The plaintiff, a young man of about twenty-two years of age, was employed by the defendant to make deliveries with a motor boat. This motor boat was in the charge and control of the plaintiff. On Sunday, the 3d day of September, 1916, this motor boat was taken from the wharf where the plaintiff had tied it up. At about nine-thirty o'clock on this Sunday evening the plaintiff discovered that the boat was missing and reported this fact by telephone to his employer. The plaintiff claims that the reason he went to look at the boat at that time of night was because a man had told him that one William Cook was going to take the boat. The plaintiff told his employer that he did not know who took the boat. On Monday morning the plaintiff called the defendant on the telephone and told him the boat had not been returned. The defendant reported the matter to the police department and a detective was detailed upon the case. This detective asked the plaintiff if he knew who had stolen the boat and the plaintiff said no. The plaintiff continued in the defendant's employ, and on Tuesday, while engaged in delivering goods, he was sent for by the defendant and returned to the defendant's store. The defendant then informed him that two boats had been found and that they would go up to the station house and ascertain which was the defendant's boat. In the meantime the detective had continued his investigations and had interrogated one William Cook, who said that he, with the plaintiff and another boy named Mickey, had taken the boat. The detective then made an affidavit under section 75a of the Inferior Criminal Courts Act (Laws of 1910, chap. 659, as added by Laws of 1913, chap. 372), stating that he suspected these three boys of having stolen the defendant's boat and asked that the boys be held until the owner and other witnesses could be produced. The detective then asked the defendant to bring the plaintiff to police headquarters. The defendant, in accordance with this request, brought the plaintiff to police headquarters. Cook then repeated, in the presence of the plaintiff and the defendant, his statement that the plaintiff participated in taking the boat. The plaintiff replied that he did not know anything about the boat. The detective then arrested Cook and the plaintiff and told the defendant to go to the Magistrate's Court and

that he was going to take the men there. They all went to the Magistrate's Court and there the defendant was asked some questions as to the ownership and value of the boat. A paper was presented to the defendant and he signed and swore to it. Later the defendant appeared and was examined as a witness and then the matter was adjourned for the purpose of permitting the detective to obtain further testimony. Upon the adjourned date the defendant did not appear, and at that time the plaintiff was discharged.

The case is barren of testimony showing that the defendant requested or even suggested that the plaintiff be arrested or prosecuted criminally, before he was arrested. At police headquarters the defendant heard Cook assert that the plaintiff did participate in taking the boat. Cook was the son of an employee of the defendant, and no reason appears why the defendant was not justified in believing his story. At police headquarters the detective told the defendant to go to court. At the court the defendant did not ask that the plaintiff be prosecuted; he merely signed a paper presented to him by the officers of the law who were charged with the duty of causing the arrest of criminals.

In order to be entitled to recover a verdict against the defendant in this action, it was necessary for the plaintiff to allege and prove that the proceeding complained of (a) was instituted by the defendant; (b) that it was instituted without probable cause; (c) with malice, and (d) that the proceeding had terminated in the plaintiff's discharge or acquittal. The last element of plaintiff's cause of action was undisputed.

I think there is grave doubt in regard to the proceeding having been instituted by the defendant or prosecuted by him. As soon as the loss of his motor boat was reported to him, he very properly placed the matter in the hands of the police, and the evidence does not show that from that time the defendant did anything except as he was directed by the police. At the direction of the police the defendant signed a complaint. He took no part in the preparation of this paper except to answer such questions as were put to him. He testifies that he thought it was a matter for the police to determine whether the boy should be prosecuted or not. Prior to this the detective had made an affidavit for the

purpose of having the plaintiff and the others held, and had told the defendant that he was going to hold them. Under these circumstances, the question as to whether the defendant instituted or prosecuted the criminal proceeding was a question that should have been passed upon by the jury. (*Miller* v. *Milligan,* 48 Barb. 30; *Dann* v. *Wormser,* 38 App. Div. 460.) This was not done. It was assumed by the learned justice in his charge to the jury that the proceeding was instituted by this defendant.

In the absence of one statement made by the defendant upon the stand, it would have been the duty of the court to hold that the defendant had probable cause for the plaintiff's arrest and to have dismissed the complaint. His boat had been taken and the son of an employee of his stated that he, with the plaintiff and another boy, took the boat. If the defendant believed this statement made by Cook and believed that the boat was taken *animo furandi,* he was justified in instituting a criminal prosecution. When the defendant was on the stand he was asked what he thought the plaintiff would do with the boat when he stole it, and he replied: " When I heard of it, I just know it was some joy ride." This was sufficient to make it a question of fact for the jury as to whether or not the defendant believed at the time he instituted the proceeding (assuming that it was instituted by him) that the plaintiff stole the boat. I think the jury should have been clearly instructed that if the defendant believed that the plaintiff stole his boat, then upon the facts here presented he had reasonable ground for instituting the criminal prosecution.

Under the circumstances disclosed in this case, the finding of the jury that the defendant was actuated by malice is clearly contrary to the evidence. The rule is that malice may be presumed from want of probable cause (*Heyne* v. *Blair,* 62 N. Y. 19; *Bradner* v. *Faulkner,* 93 id. 515), but the jury is not bound to draw that inference. (*Langley* v. *East River Gas Co.,* 41 App. Div. 470; *Brown* v. *McBride,* 24 Misc. Rep. 236; *Burhans* v. *Sanford,* 19 Wend. 417.) In the present case there is not a scintilla of evidence outside of the want of probable cause (if there be want of probable cause) that the defendant was actuated by improper motives. In fact the case impresses

one with the belief that the defendant relied upon the police department and the detective as to whether or not the complaint should be made. The accusation was made by the detective. The detective practically informed the defendant that the offense was larceny. The complaint was drawn in the Magistrate's Court by a clerk, and the defendant swore to it there. All of the circumstances indicate that the defendant was doing what he thought he was required to do in view of the fact that he was doing it in the presence of a police officer and of a magistrate and was acting practically under their direction. Actions for malicious prosecution require more than usual care in the trial thereof, that an injustice may not be done the defendant. (*Kutner* v. *Fargo*, 20 Misc. Rep. 207.) The ends of justice will be promoted by a retrial of this action.

The judgment should be reversed and a new trial granted, costs to abide the event.

JENKS, P. J., and BLACKMAR, J., concurred; MILLS, J., concurred upon the ground that the finding of want of probable cause was against the weight of the evidence; RICH, J., voted to affirm.

Judgment reversed and new trial granted, costs to abide the event.