■ FRANK DEMPSEY, Respondent, v PAUL MASTO, Appellant. — Appeal from a judgment of the Supreme Court, entered January 15, 1980 in Fulton County, upon a verdict rendered at a Trial Term (Walsh, Jr., J.), in favor of plaintiff. On this appeal, defendant urges reversal for the alleged failure of the trial evidence to support the judgment in favor of plaintiff in an action for malicious prosecution. The four elements of such an action, enumerated in *Broughton v State of New York* (37 NY2d 451, 457), were competently and carefully defined and explained to the jury in the course of its charge by the trial court. The only element requiring comment and the one which divides this court is whether defendant commenced the underlying criminal proceeding against plaintiff. The facts relevant to the issue are generally undisputed. On March 12, 1977, plaintiff, his wife and another couple named Sanchez dined at defendant's restaurant. When plaintiff's party left the premises after dinner, a small tapestry was missing from the upstairs wall of the restaurant. The waitress reported this fact to the defendant proprietor who looked up plaintiff's address and then drove to plaintiff's home. Upon learning that plaintiff had not yet returned, defendant waited in his van until plaintiff's car, containing both couples, drove into plaintiff's driveway. The version of the subsequent events given by plaintiff and Sanchez is that plaintiff and the two ladies went into the house, leaving Sanchez outside talking to defendant, who demanded from him the return of the tapestry, and thereafter Sanchez came into the house for the car keys, opened the trunk of the car and returned the tapestry to defendant. Defendant's version is that while he and Sanchez were outside talking, plaintiff came out of the house and told Sanchez to return the tapestry, which Sanchez retrieved from the back seat of plaintiff's car and returned to defendant, and defendant then told plaintiff that he never expected to see him in his restaurant again. It was not until April 20, 1977 that defendant called the Sheriff's office to make a complaint. Until that date, neither the Sheriff's office nor any other law enforcement agency knew about the alleged theft, and no

agency was investigating it. As a result of defendant's call, Deputy Sheriff Glover, equipped with a blank information form, went to defendant's place of business, where defendant told him he wished to make a complaint and related his version of the events of March 12, naming plaintiff as the perpetrator of the crime. Thereupon, the deputy produced the information form which defendant signed in blank and which was subsequently filled in by the deputy with the information that had been furnished to him by defendant. The deputy presented the completed information to a local criminal court and a warrant was issued for plaintiff's arrest on April 20, 1977. Plaintiff was arrested and arraigned on a charge of petit larceny on April 21 and released in his own custody after the identification procedures were completed. On the following Friday plaintiff pleaded not guilty and the case was adjourned for two weeks for further proceedings. When Mr. Sanchez, who then resided in Connecticut, was notified by plaintiff of these events, he returned from Connecticut and went to the District Attorney's office with plaintiff and his attorney and admitted the theft. This admission was subsequently reduced to writing and signed by Sanchez in Connecticut and mailed to plaintiff's attorney who forwarded it to the District Attorney. After examining the statement and the information, which he concluded was factually defective, the District Attorney wrote to the local court and moved for dismissal of the charge for both reasons, as he testified to at trial. When the charge was dismissed, plaintiff commenced this action for malicious prosecution. The jury awarded plaintiff a verdict of $5,000. On these facts it was possible for the jury to have concluded that Sanchez was the thief of the tapestry, that defendant acted without probable cause and with actual malice in naming plaintiff as the thief to the deputy and in waiting such a long period after the event to make a complaint against plaintiff, and that the prosecution terminated in favor of plaintiff on the merits and without his consent or connivance. There was more than sufficient evidence for the trial court to submit to the jury the question of defendant's initiation of the criminal prosecution by his signing of the information in blank and by supplying the information that the deputy filled in after defendant signed it. On these facts the determination of the jury in favor of plaintiff was amply supported *(Burns v Wilkinson,* 228 NY 113; *Rawson v Leggett,* 184 NY 504), for defendant herein did much more than report the commission of the crime fairly and truthfully and leave its prosecution entirely in the hands of law enforcement agents (cf. *Hopkinson v Lehigh Val. R. R. Co.,* 249 NY 296, 301). The dissent seemingly relies on the fact that the information as signed by defendant was fatally defective. However, no authority requires that the success of an action for malicious prosecution is dependent upon the sufficiency of the accusatory instrument. All that is required is that the defendant be shown to be responsible for the institution of the criminal action against the plaintiff, and where, as here, there is conflicting evidence on this question, a factual issue for jury determination is presented. (See 36 NY Jur, Malicious Prosecution, § 17, p 273; see, also, *Anderson v Dyer,* 188 App Div 707.) The trial court herein was eminently correct in submitting this issue to the jury. Accordingly, the judgment should be affirmed. Judgment affirmed, with costs. Mahoney, P. J., Sweeney and Casey, JJ., concur.

Kane and Weiss, JJ., dissent and vote to reverse in the following memorandum by Kane, J. Kane, J. (dissenting). Our disagreement with the majority stems from our view that this record fails to demonstrate there was a question of fact whether this defendant instituted criminal proceedings against plaintiff. Defendant's participation in the events leading up to the arrest of plaintiff are not in substantial dispute. Once he reported the incident to the Deputy Sheriff, recounting the version of events related to him by a waitress who had allegedly witnessed the actual theft and adding his own part in the recovery of

the tapestry, his involvement in the matter terminated. There was no evidence that he knew the blanks on the information form were completed; that a warrant for the arrest of plaintiff was issued; that plaintiff was arrested and later appeared before a local magistrate for arraignment; or that the charges were finally dismissed. In short, there was nothing to indicate defendant had *any* connection with subsequent proceedings after he signed the blank information form. In our opinion, the requisite commencement or continuation of a criminal proceeding by defendant (see *Broughton v State. of New York,* 37 NY2d 451, 457) was not proven in this case. He plainly did not "commence" a criminal action in the formal sense for he never subscribed to or verified an accusatory instrument containing factual allegations (CPL 100.05, 100.15, subds 1, 3; 100.30; see *Al Raschid v News Syndicate Co.,* 265 NY 1), and it cannot be said he continued the proceeding which followed for, undisputably, he was not involved in the disposition of the matter. Nevertheless, the majority concludes that liability properly attached to defendant on this element of plaintiff's claim because the jury could reasonably find he was responsible for instituting the criminal action, citing *Anderson v Dyer* (188 App Div 707). However, in that case, while the defendant had actually sworn to something in court, "grave doubt" was expressed that he had instituted or prosecuted the proceeding and the question was ruled to be one that should have been passed upon by the jury *(supra,* at pp 710, 711). Conversely, in *Dann v Wormser* (38 App Div 460), though no formal complaint had been made by the defendant, his association with the ensuing prosecution went so far beyond a report of the underlying incident that a question of fact was raised whether he was the real party who had instigated the criminal action. Here, no such issues were generated. It has long been recognized that causation alone is not enough to satisfy this requirement of an action for malicious prosecution. If defendant fairly and truthfully disclosed all matters having a material bearing on plaintiff's guilt or innocence, and did no more, he cannot be liable *(Hopkinson v Lehigh Val. R.R. Co.,* 249 NY 296, 300, 301). Assuming defendant acted without probable cause, maliciously intending to prompt a criminal action against plaintiff, there was no proof whatever that he withheld any pertinent information from the Deputy Sheriff or falsified his account in any way. Regardless of his motives, since the fairness and completeness of defendant's statements to the deputy were not attacked (see *Hopkinson v Lehigh Val. R.R. Co., supra,* p 301), no issue of fact was developed from which it could be decided that he was legally responsible for plaintiff's subsequent prosecution. Unlike the possibilities evident in *Anderson (supra)* and *Dann (supra),* defendant was not adequately shown to be answerable for the deputy's actions. Accordingly, the judgment should be reversed and the complaint dismissed.