■ JAMES T. VIZA, Respondent, v TOWN OF GREECE et al., Defendants, and LAWRENCE S. SIVERD, Appellant. — Order, insofar as appealed from, unanimously reversed, without costs, and defendant Siverd's motion for summary judgment dismissing causes of action for false arrest, malicious prosecution and defamation granted. Memorandum: The complaint fails to state a cause of action for false arrest, malicious prosecution or defamation. Plaintiff, defendant Lawrence Siverd and one David Chatelle were guests at a party when it was discovered that a beer tap belonging to Chatelle was missing. Chatelle and defendant began to look for the tap in various cars. When they got to plaintiff's

car, he drove off before they could check. Chatelle and defendant then got into another car and followed. When the parties later met, Chatelle got out of the car and went to talk to plaintiff. Chatelle sat on the window space of the driver's side of the car, but plaintiff drove away suddenly, causing Chatelle to fall off, sustaining injuries from which he subsequently died. Plaintiff left the scene of the accident and was later arrested. The matter was subsequently presented to a Grand Jury which indicted plaintiff on charges of criminally negligent homicide. Defendant was subpoenaed to testify before the Grand Jury and at the criminal trial. Plaintiff was ultimately acquitted of criminally negligent homicide but convicted of leaving the scene of an accident. With respect to the first two causes of action, the only conduct of defendant alleged in the complaint is in testifying before the Grand Jury. Since this testimony was given in August and the arrests occurred in July, such testimony could not have caused the arrests. Thus, the cause of action alleging false arrest must be dismissed. Nor is such testimony sufficient to support a cause of action for malicious prosecution. A "Grand Jury indictment is prima facie evidence of probable cause. The plaintiff in a malicious prosecution action must meet this evidence with proof that defendant has not made a full and complete statement of the facts either to the Grand Jury or the District Attorney, has misrepresented or falsified the evidence or else kept back evidence *which would affect the result*" (*Boose v City of Rochester,* 71 AD2d 59, 69; emphasis added). The only claimed falsity in defendant's Grand Jury testimony is that decedent was facing backward rather than forward while sitting on the window space of plaintiff's car, a disputed fact which can have no bearing on the charges against plaintiff. In any event, there is no showing that plaintiff caused the criminal proceeding to be commenced. The mere reporting of a crime to police and giving testimony are insufficient; it must be shown that defendant played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act (see *Dempsey v Masto,* 83 AD2d 725, 726, affd on opn below 56 NY2d 665; *Anderson v Dyer,* 188 App Div 707; see, also, *Andersen v Schulman,* 337 F Supp 177, 180; *Whittaker v Duke,* 473 F Supp 908, 910-911). Lastly, the cause of action alleged in the complaint for defamation is insufficient in that it fails to set forth "the particular words complained of" (CPLR 3016, subd [a]). While plaintiff concedes that defendant did not himself disseminate alleged defamatory statements, his claim is that the police did so relying on defendant's signed statements obtained in the police investigation. An examination of the statements attributable to defendant as defamatory reveals that they do no more than relate a narrative of the events witnessed and contain no accusation of criminal conduct by plaintiff nor is an expression of the quality of plaintiff's conduct alluded to. (Appeal from order of Supreme Court, Monroe County, Provenzano, J. — summary judgment.) Present — Hancock, Jr., J. P., Doerr, Denman, Moule and Schnepp, JJ.