■ JAMES T. VIZA, Appellant, v TOWN OF GREECE et al., Respondents. — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Special Term properly dismissed plaintiff's causes of action for false arrest, malicious prosecution, assault and battery and trespass. The court also dismissed a cause of action for defamation, but did so without prejudice, thus permitting plaintiff to replead such cause of action. This was error.

This case has previously been before us for consideration, albeit involving a civilian defendant (*Viza v Town of Greece,* 94 AD2d 965). We there dismissed the complaint, observing insofar as the complaint purported to state a defamation cause of action, "[a]n examination of the statements attributable to defendant as defamatory reveals that they do no more than relate a narrative of the events witnessed and contain no accusation of criminal conduct by plaintiff nor is any expression of the quality of plaintiff's conduct alluded to" (*Viza v Town of Greece, supra,* p 966). The legal principles which applied to the previous case exist with equal import to the present appeal.

An examination of the documents which plaintiff relies upon as defamatory (newspaper accounts) reveals nothing which could be characterized as defamatory or false. These publications contain nothing more than a factual description of events which took place, obtained from an eyewitness to the event, which resulted in a homicide and the eventual routine laying of criminal charges against plaintiff. If anything, the newspaper

statements attributable to defendants herein are guarded and undramatic. Nothing contained therein rises to the level of defamation.

On a motion for summary judgment, plaintiff is obliged to present evidence which would be admissible at trial in order to demonstrate the existence of a factual question (see *Scacchetti v Gannett Co.,* 90 AD2d 985, 986). This plaintiff has failed to do, and there appears no reason to permit him to pursue the matter further in light of his failure to controvert adequately defendant's motion for summary judgment. (Appeal from order of Supreme Court, Monroe County, Boehm, J. — summary judgment.) Present — Dillon, P. J., Doerr, Green, Moule and Schnepp, JJ.