■ MATHIAS O. SCHLOTTHAUER, Appellant, v ALAN J. SANDERS et al., Defendants, and MILTON BERLIN, Respondent.—In an action, *inter alia,* to rescind a Sheriff's deed, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Saladino, J.), dated June 5, 1987, as, upon the motion of the defendant Berlin, dismissed the first, second, third, fourth, fifth, sixth, seventh, eighth, fourteenth and fifteenth causes of action asserted in the complaint as against the defendant Berlin, without prejudice.

Ordered that the order is affirmed insofar as appealed from, with costs.

The complaint contains 15 causes of action, 10 of which include assertions against the defendant Berlin. Eight of these causes of action sound in tort, and two seek rescission and vacatur of a Sheriff's deed conveying a one-half interest in the plaintiff's residence to Berlin. The complaint alleges that the plaintiff and his wife, Barbara Schlotthauer (hereinafter Barbara) were divorced in 1976. As part of a fee arrangement to obtain representation in the matrimonial action, Barbara executed a promissory note and confession of judgment in favor of her attorneys, the defendants Sanders & Solomon, in the sum of $2,500.

Barbara discharged these attorneys before trial, and the court awarded Sanders & Solomon a fee of $1,000, to be paid by the plaintiff herein. The plaintiff alleges that he turned over $1,000 to his attorney, the defendant Lorenzen, but that Lorenzen failed to satisfy the judgment payable to Sanders & Solomon with this money. Thereafter, Sanders & Solomon sought to enforce the confession of judgment against Barbara, resulting in a Sheriff's sale of her one-half interest in the former marital premises at 9 Alderfield Lane, Huntington, on March 17, 1980. It is alleged that the defendant Berlin purchased Barbara's one-half interest, worth in excess of $50,000, for $3,700. Berlin then commenced a partition action against the plaintiff, which is still pending.

Berlin's motion to dismiss the eight tort causes of action asserted against him was properly granted pursuant to CPLR 3211 (a) (7), as the facts alleged against him do not fit within any cognizable legal theory. The plaintiff's first and second causes of action allege general "tortious wrong", but fail to allege any facts upon which a cause of action may be predicated in this State.

The third and fourth causes of action, sounding in prima facie tort, were likewise properly dismissed. The essence of

such a claim is (1) the intentional infliction of malicious injury solely to harm another, (2) resulting in special injuries, (3) without economic or social excuse or justification, (4) by means which would otherwise be lawful *(see, Molinoff v Sassower,* 99 AD2d 528), and there can be no recovery unless a " 'disinterested malevolence' " to injure the plaintiff constitutes the sole motivation for the defendant's otherwise lawful act *(Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 333, quoting from *American Bank & Trust Co. v Federal Bank,* 256 US 350, 358). This means that " 'the genesis which will make a lawful act unlawful must be a malicious one unmixed with any other and exclusively directed to injury and damage of another' " *(Burns Jackson Miller Summit & Spitzer v Lindner, supra,* quoting from *Beardsley v Kilmer,* 236 NY 80, 90). Accordingly, the prima facie tort causes of action fall because although plaintiff alleges intentional and malicious action by the defendant Berlin, he does not allege, nor does it clearly appear that " 'disinterested malevolence' " constituted the sole motivation therefor *(Burns Jackson Miller Summit & Spitzer v Lindner, supra,* at 333; *Molinoff v Sassower, supra,* at 529).

The plaintiff's fifth and sixth causes of action, sounding most closely in the tort of intentional infliction of emotional distress, must also fall where the acts alleged against Berlin do not constitute conduct so " 'outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community' " *(Fischer v Maloney,* 43 NY2d 553, 557, quoting Restatement [Second] of Torts § 46 [1], comment d). The seventh and eighth causes of action, alleging civil conspiracy, were also properly dismissed. It is well settled that there is no independent tort of civil conspiracy recognized in this State *(Chiaramonte v Boxer,* 122 AD2d 13). The conspiracy claim must fall absent factual allegations that Berlin was involved in a common scheme to injure the plaintiff with the codefendants, against whom substantive tort claims still stand.

Finally, the fourteenth and fifteenth causes of action for equitable relief were properly dismissed, pursuant to CPLR 3211 (a) (4), with leave to renew. The plaintiff's claim that the conveyance of Barbara's property interest to Berlin following the Sheriff's sale was void *ab initio* will presumably be determined with respect to his affirmative defense in the partition action. Thompson, J. P., Bracken, Eiber and Spatt, JJ., concur.