■ RONALD FERGUSON et al., Respondents, v MERIDIAN DISTRIBUTION SERVICES, INC., et al., Appellants.—In an action, *inter alia,* to recover damages for fraud and defamation, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Santucci, J.), dated September 2, 1988, as denied their motion to dismiss the amended complaint insofar as it is asserted against Apex Trucking Co., Inc. for failure to state a cause of action and for partial summary judgment dismissing the tenth cause of action against all the defendants.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the amended complaint insofar as it is asserted against Apex Trucking Co., Inc. and the tenth cause of action of the amended complaint are dismissed, and the remaining causes of action asserted against the remaining defendants are severed.

In the amended complaint the only cause of action asserted against the defendant Apex Trucking Co., Inc. alleges a conspiracy or agreement to defraud the plaintiffs by diverting the assets of the defendant Meridian Distribution Services, Inc. It is well settled that no independent tort of civil conspiracy is recognized in this State *(see, e.g., Schlotthauer v Sanders,* 143 AD2d 84, 85; *Chiaramonte v Boxer,* 122 AD2d 13). Rather, the cause of action rests upon an underlying wrong, here a cause of action sounding in fraud *(see, Reo v Shudt,* 144 AD2d 793, 795; *Callahan v Gutowski,* 111 AD2d 464, 465). We conclude that the Supreme Court erred in refusing to dismiss the amended complaint insofar as it is asserted against Apex Trucking Co., Inc. The amended complaint, even read in a light most favorable to the plaintiffs *(see, Cohn v Lionel Corp.,* 21 NY2d 559, 562), fails to satisfy the specificity and particularity requirements of CPLR 3013 and 3016 (b). It contains no factual allegations from which it can be inferred that Apex Trucking Co., Inc. had agreed with the codefendants, against whom most of the substantive tort claims still stand, to cooperate in a fraudulent scheme *(see, Schlotthauer v Sanders, supra; National Westminister Bank v Weksel,* 124 AD2d 144, 147; *Goldstein v Siegel,* 19 AD2d 489, 493).

The tenth cause of action sounding in defamation must also be dismissed. Even assuming that the allegations of the amended complaint are sufficiently specific to be construed as defamatory, the communications therein would be protected

by a qualified privilege *(see, Mihlovan v Grozavu,* 72 NY2d 506, 509; *Lovell Co. v Houghton,* 116 NY 520, 526). The plaintiffs' sole opposition to the defendants' motion was an affirmation of their attorney which lacks probative value (CPLR 3212 [b]). The plaintiffs have failed to demonstrate the existence of a triable issue of fact by proffering evidence that the defendants were motivated by actual malice or ill will in order to overcome the qualified privilege *(see, Toker v Pollak,* 44 NY2d 211, 219; *Shapiro v Health Ins. Plan,* 7 NY2d 56, 60). Thus, the defendants are entitled to partial summary judgment on this cause of action. Thompson, J. P., Bracken, Rubin and Spatt, JJ., concur.