■ MILTON WALTERS et al., Respondents, v PENNON ASSOCIATES, LTD., et al., Appellants.—In an action to recover damages for breach of contract, fraud, and conspiracy to commit fraud, the defendants appeal from an order of the Supreme Court, Nassau County (Robbins, J.), entered July 16, 1990, which denied their motion to dismiss the complaint for failure to state a cause of action and lack of personal jurisdiction.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion which were to dismiss the second and third causes of action, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

In their complaint, the plaintiffs asserted three causes of action. The first cause of action was to recover damages for breach of a contract entered into in approximately December 1987, for the alteration and improvement of the plaintiffs' premises. It was alleged that the defendant corporation failed to complete the contracted work and therefore defaulted under the contract. The second cause of action sounded in fraud and was asserted against the defendant Rogers, president of the corporate defendant, personally. The complaint claimed that the defendant Rogers "collected sums of money from plaintiffs upon the false representation that he would use those sums to discharge the claims of sub-contractors for work they performed on the premises". The third cause of action was based on conspiracy to commit fraud and was asserted against both defendants.

The allegations asserted in the first cause of action to recover damages for breach of contract are sufficient to withstand a motion to dismiss pursuant to CPLR 3211 (see, Guggenheimer v Ginzburg, 43 NY2d 268, 274-275). However, the second and third causes of action, sounding in fraud and conspiracy to commit fraud, respectively, lack the required specificity pursuant to CPLR 3016. The plaintiffs have alleged neither scienter nor reliance, and therefore have not satisfied the pleading requirements of CPLR 3013 and 3016 (see, Barclay Arms v Barclay Arms Assocs., 74 NY2d 644). Furthermore, civil conspiracy is not recognized as an independent tort in this State (see, Schlotthauer v Sanders, 143 AD2d 84). Hence, the Supreme Court erred in denying those branches of the defendant's motion which were to dismiss the second and third causes of action.

We have reviewed the appellants' contentions with regard

to personal jurisdiction and find that they are without merit. Sullivan, J. P., Balletta, Eiber and Santucci, JJ., concur.