**Theresa BAER, Plaintiff,**

v.

**SPRINT LONG DISTANCE, Sprint PCS, and Polly Bromberg, Defendants.**

**No. 98 Civ. 6991(CM).**

United States District Court, S.D. New York.

Aug. 2, 1999.

Douglas J Martino, Martino & Weiss, Mount Vernon, NY, for Theresa Baer, plaintiff.

Ira G. Greenberg, Edwards & Angell, New York City, for Sprint Long Distance, Sprint PCS, defendants.

MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DISMISSING THE COMPLAINT

McMAHON, District Judge.

This matter, in which plaintiff asserts claims of defamation, malicious prosecution, civil conspiracy and hostile work environment (all under New York law), was to have been tried to the Court on July 19, 1999. Because it was to be a bench trial, and a short one at that, I deferred consideration of defendants' motion for summary

judgment until the close of plaintiff's case. However, on July 16, 1999, it became clear that plaintiff would not appear at the trial of this action, because her employer was unwilling to permit her to miss certain business commitments during the week scheduled for trial. Rather than dismiss the case outright for non-prosecution, I heard argument on the motion for summary judgment. I now grant that motion and dismiss the Complaint.

Insofar as the charges of defamation, malicious prosecution and civil conspiracy are concerned, the facts of this matter are as follows: Theresa Baer worked for Sprint PCS as a supervisor and then as a store manager. During her tenure as a supervisor at a store in New York City, some $1,700 in cash turned up missing. The matter was never resolved. Then, in her two months as acting manager of a new store in Port Chester, New York, several thousand dollars disappeared in two separate incidents—one involving an unauthorized $2,010 ATM withdrawal from the store's bank account, the other involving the belated deposit into the bank of $3,326.63 in cash receipts, and the loss of another $1,800 in cash receipts, all of which were taken in by the Port Chester store during its first few weeks of operation, before its banking arrangements were settled. Ms. Baer, as store manager, was responsible for all the Port Chester shortfalls and she was, of course, discharged.

In accordance with company policy the matter was referred to Sprint Corporate Security. David Parker, a senior investigator for Sprint, came to New York to look into the matter. He interviewed many employees, taking sworn statements from them, and also interviewed Fleet Bank personnel and reviewed relevant documentation. It is undisputed that he did not interview Ms. Baer. He claims it was because she claimed to be ill and declined to be interviewed; she contends it was for other reasons. This is not a material fact.

After Parker concluded his investigation, and conferred with the Regional Security Manager, Sprint concluded that there was probable cause to believe that a crime had occurred and that the matter should be reported to the authorities. Parker therefore filed a complaint with Detective Edward Ames of the Port Chester Police. Parker turned over the results of his investigation to Detective Ames and opined that the evidence in his possession pointed to Theresa Baer as a suspect. Detective Ames did not conduct his own investigation. However, he reviewed Parker's file and made his own assessment that Ms. Baer was a suspect. He, in turn, gave the file to the Westchester County District Attorney's Office, where the facts and investigative reports were reviewed by an Assistant District Attorney. The ADA brought charges of third-degree grand larceny against Ms. Baer. Those charges were subsequently dropped by the District Attorney's office. There was no adjudication on the merits.

There is no evidence to indicate that Sprint PCS had any involvement with the matter after it filed its complaint with Detective Ames and Parker submitted his findings and conclusions to him.

Defendants are entitled to summary judgment on each of plaintiff's four claims.

■ On the civil conspiracy claim, they are entitled to summary judgment because there is no such actionable tort in New York. *See Ferguson v. Meridian Distribution Servs., Inc.,* 155 A.D.2d 642, 548 N.Y.S.2d 233 (2d Dept.1989) (citations omitted).

■ On the defamation claim, they are entitled to summary judgment on multiple grounds. First, the allegedly defamatory statements, which consisted of complaints to either Sprint Corporate Security or to the Port Chester Police, are qualifiedly privileged. *See Toker v. Pollak,* 44 N.Y.S.2d 211, 220, 405 N.Y.S.2d 1, 5, 376 N.E.2d 163 (1978); *Williams v. Tritschler,* 184 A.D.2d 690, 691, 585 N.Y.S.2d 99, 100

(2d Dept.1992). This privilege applies even if the information provided law enforcement authorities about the alleged commission of a crime turns out to be incorrect. Second, Ms. Baer would be able to overcome the privilege only by offering extrinsic evidence that Sprint PCS acted solely out of malice. *See Present v. Avon Products, Inc.*, 253 A.D.2d 183, 687 N.Y.S.2d 330, 333–34 (1st Dept.1999); *Liberman v. Gelstein*, 80 N.Y.2d 429, 439, 590 N.Y.S.2d 857, 863, 605 N.E.2d 344 (1992). This she cannot do, as to either common law or actual malice. As regards the former, Sprint PCS clearly and indisputably had an interest in finding out what had happened to its missing money and bringing the perpetrator(s) to justice. Moreover, Ms. Baer testified at her deposition that she knew of no one at Sprint PCS that harbored any ill will, spite or malice against her. *See* Examination Before Trial of Theresa Mary Baer ("Baer EBT") at 113–114, attached as Ex. B to Declaration of Douglas J. Martino in Opposition to Defendants' Summary Judgment Motion. She cannot defeat a summary judgment motion by now contending otherwise. *See PC COM, Inc. v. Proteon, Inc.*, 946 F.Supp. 1125, 1137 n. 28 (S.D.N.Y.1996); *Rosner v. Codata Corp.*, 917 F.Supp. 1009, 1019 (S.D.N.Y.1996); *FDIC v. Betancourt*, 865 F.Supp. 1035, 1046 (S.D.N.Y.1994). As regards actual malice, there is no evidence in this record from which a reasonable jury could conclude that defendants had a "high degree of awareness of . . . probable falsity" of Parker's statements to the police. *Harte–Hanks Communications, Inc. v. Connaughton*, 491 U.S. 657, 667, 109 S.Ct. 2678, 105 L.Ed.2d 562 (1989). Sprint PCS conducted an extensive investigation. It relied on its employees' statements and on third-party sworn statements, which it is entitled to do. *See Day v. Cedar*, 181 A.D. 261, 168 N.Y.S. 334 (1st Dept.1917), *aff'd sub nom., Day v. Levine*, 228 N.Y. 588, 127 N.E. 911 (1920). There is absolutely no evidence in this record that Sprint PCS blinded itself to contrary information, which might support an inference of malice. *See Sweeney v. Prisoners' Legal Services of New York, Inc.*, 84 N.Y.2d 786, 793, 622 N.Y.S.2d 896, 647 N.E.2d 101 (1995). Furthermore, both the police and the District Attorney's Office concurred in Spring PCS's conclusions.

 Defendants are entitled to summary judgment on plaintiff's claim of malicious prosecution as well. First, there was no adjudication on the merits of the charges against plaintiff; they were dismissed by the District Attorney prior to trial. That is not a favorable determination on the merits, which is an absolute prerequisite to any recovery for malicious prosecution. *MacFawn v. Kresler*, 88 N.Y.2d 859, 644 N.Y.S.2d 486, 666 N.E.2d 1359 (1996); *Dobies v. Brefka*, 1999 WL 500190 (3d Dept. July 15, 1999); *Smith–Hunter v. Harvey*, 1999 WL 485444 (3d Dept. July 8, 1999); *Struve v. Bingham*, 244 A.D.2d 178, 663 N.Y.S.2d 578 (1st Dept.1997).

 Second, Sprint PCS did not commence criminal proceedings. It filed a police report. It is well settled that one who discloses to a prosecutor all he knows concerning a potential criminal matter and does no more is not liable for commencing any ensuing prosecution. *Schwimmer v. Guardian Life Ins. Co.*, 104 F.3d 354 (2d Cir.1996). The fact that Parker stated his belief that Baer was the prime suspect does not alter that result: "If the defendant merely states what he believes, leaving the decision to prosecute entirely to the uncontrolled discretion of the officer . . . the [defendant] is not regarded as having instigated the prosecution." *White v. Frank*, 855 F.2d 956, 962 (2d Cir.1988) (quoting W. Prosser, Law of Torts § 653 comment g (4th ed.1971)).

Baer asserts that, for all practical purposes, Sprint PCS was the prosecutor, since neither Detective Ames nor the District Attorney's Office ever conducted an independent investigation into the facts—they merely reviewed the results of the in-

house investigation and indicted her. However, there is no requirement that law enforcement officers duplicate the efforts of private investigators in order to insulate the latter from liability for malicious prosecution. The undisputed fact that law enforcement agents took an independent look at Parker's file and reached the same conclusion is sufficient for me to conclude, as a matter of law, that the prosecution was commenced by the District Attorney, not by Sprint PCS. If the rule were otherwise, then any time a party reported its suspicions to the authorities (rather than simply reporting that a crime had been committed), that party would render itself susceptible to a claim for malicious prosecution. Yet everyone knows that the first question the police ask after, "What happened?" is, "Can you think of anyone who might have done this?" Providing an answer to that question—as Parker did—does not constitute advising, encouraging or importuning the police to act within the meaning of New York tort law. *See Viza v. Town of Greece*, 94 A.D.2d 965, 966, 463 N.Y.S.2d 970 (4th Dept.1983).

Third, there can be no malicious prosecution where there is no malice, and for the reasons stated above, there is no malice in this case.

Fourth, on the record before this Court, no reasonable trier of fact could conclude that plaintiff was arrested and indicted without probable cause. While the evidence against her was entirely circumstantial, and while others besides plaintiff might have enjoyed access to the office safe where the undeposited cash was kept, there was indeed circumstantial evidence against her, which is sufficient to support a conviction (let alone an indictment) under New York law. Dismissal of an indictment prior to trial, a fact on which plaintiff relies heavily, does not necessarily indicate lack of probable cause at the time of indictment.

The facts concerning plaintiff's so-called "claim" of hostile work environment are somewhat mystifying to the Court. There is no cause of action predicated on hostile work environment in plaintiff's Complaint, either under Federal law or under the New York State Human Rights Law. Rather, plaintiff contends that she was subjected to a hostile work environment by way of background, and to give her allegations of malice, and that she was framed, greater credibility. Nonetheless, the parties have briefed the matter as though the Complaint contained such a claim, so I will address it.

 The alleged hostile work environment was created as follows: First, Baer saw a pornographic picture on a computer at work. It is not clear from the record where she saw it. In a sworn statement to the police, Baer contended that the picture was on a co-worker's computer, but at her deposition, she claimed it was e-mailed to her computer. Accepting the latter as true, a single offensive incident is not sufficient to create a hostile work environment, because a single incident does not demonstrate the pervasiveness of discriminatory intimidation, ridicule and insult necessary to alter the conditions of employment. *See Harris v. Forklift Sys., Inc.* 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). To the extent that Ms. Baer's submissions in opposition to the motion for summary judgment say that she was continuously subjected to pornographic e-mail messages and images, she fails to raise a genuine issue of fact, because she testified otherwise at her deposition. *See PC COM, Inc.*, 946 F.Supp. at 1137 n. 28; *Rosner*, 917 F.Supp. at 1019; *Betancourt*, 865 F.Supp. at 1046. Second, Baer contends that no action was taken in response to her complaint about the pornographic image. However, the evidence she cites does not support her position; it merely shows that no *written* action was taken. However, the record contains uncontradicted evidence that the employee involved was reprimanded. Third, plaintiff points to a couple of puerile and tasteless memos, insulting to residents of Arkansas

and New Jersey, that were circulated at her first (New York City) office, as well as a comment made by a co-worker about working with African–Americans (Ms. Baer, by the way, is Caucasian). Neither separately nor together do these transform a work environment into a hostile work environment.

Defendants' motion is granted; the Complaint is dismissed and the Clerk is directed to enter judgment accordingly. Costs to defendants.