■ Donna Daly, Appellant, v Eugene Messina et al., Respondents, et al., Defendants. [699 NYS2d 921] —In an action, *inter alia,* to recover damages for fraud, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Alpert, J.), dated September 11, 1998, as granted those branches of the motion of the defendants Rosemarie Messina, Patrick Franzese, and Eugene Messina individually and as partners of the defendant FMF Realty, Franzese Realty Associates, and Rosemarie Messina as sole proprietor of Hyde Park Realty, which were for summary judgment dismissing the tenth and twelfth causes of action, and (2) from an order of the same court, dated January 27, 1999, which denied her motion, in effect, for reargument.

Ordered that the appeal from the order dated January 27, 1999, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated September 11, 1998, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The Supreme Court properly dismissed the tenth and twelfth causes of action of the complaint. After the respondents made out a prima facie case for summary judgment, in opposition to the motion, the plaintiff failed to submit proof of damages to substantiate her allegations of fraud and conspiracy to defraud contained in the tenth cause of action. Furthermore, New York does not recognize civil conspiracy as an independent cause of action (*see, Walters v Pennon Assocs.,* 188 AD2d 596; *Ferguson v Meridian Distrib. Servs.,* 155 AD2d 642). The twelfth cause of action, seeking an accounting as to a certain parcel of real property, was predicated upon the ninth cause of action, which alleged fraud in the conveyance of that real property and sought an accounting. Since the ninth cause of action was dismissed upon the determination of a prior motion for summary judgment, the twelfth cause of action had to be dismissed.

The order denying the plaintiff's motion, characterized as

one for renewal and reargument, is not appealable. The motion was not based upon new facts which were unavailable at the time of the original motion, and therefore was actually a motion to reargue (*see, Cross Sound Ferry Servs. v Town of Southold,* 263 AD2d 524; *DeMeo v County of Suffolk,* 262 AD2d 270). Sullivan, J. P., Friedmann, Feuerstein and Smith, JJ., concur.