■ DOUGLASTON ESTATES, INC., Appellant, v. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent.— In a negligence action to recover damages for property injuries, plaintiff appeals from an order of the Supreme Court, Kings County, dated April 5, 1971, which denied its motion (1) to vacate a dismissal of the action because of failure to file a statement of readiness, (2) to restore the action to the trial calendar and (3) for leave to file a statement of readiness *nunc pro tunc.* Order reversed, without costs, and motion granted, on condition that plaintiff's attorney shall personally pay $250 costs to defendant. Said payment shall be made within 20 days after service of a copy of the order to be made hereon, with notice of entry. In our opinion, the facts warrant the granting of plaintiff's motion, upon the conditions set forth above (*Bacharach* v. *Bacharach,* 39 A D 2d 542). Hopkins, Acting P. J., Latham, Shapiro, Gulotta and Benjamin, JJ., concur.

■ HARRY GREGORIO, Respondent, v. TERMINAL TRADING CORP. et al., Appellants.— In an action to recover damages for malicious prosecution, defendants appeal from an order of the Supreme Court, Kings County, dated December 7, 1971, which denied their motion for summary judgment. Order reversed, on the law, with $10 costs and disbursements, and motion granted. Plaintiff was indicted for the crimes of forgery and grand larceny in connection with his alleged unlawful receipt of the proceeds of a check issued by his employer. At the close of his trial, the court directed a verdict of acquittal. The uncontroverted proof in the record shows that the original complaint to the police regarding the incident was made by plaintiff's employer, that defendant Kolton was sought out by the prosecutor in the course of the investigation and that the accusatory information was signed by a detective. Kolton merely appeared as a witness before the Grand Jury and at the trial. This proof, in our opinion, establishes that Kolton did *not* initiate or procure the initiation of the criminal proceedings against plaintiff and consequently no action lies against him for malicious prosecution (see 1 Harper and James, Law of Torts, § 4.1; *Al Raschid* v. *News Syndicate Co.,* 265 N. Y. 1; *Macauley* v. *Theodore B. Starr, Inc.,* 194 App. Div. 643). As for the corporate defendant, plaintiff alleges it participated in the criminal prosecution by reason of the testimony of its employee, Kolton. This allegation is insufficient to hold the corporation liable for malicious prosecution (*Macauley* v. *Theodore B. Starr, Inc., supra,* p. 651). Finally, there is a total absence of proof showing the presence of *the* essential element in an action of this kind, namely, that the prosecution against plaintiff was prompted of malice. At most, the facts established a case of mistaken identity, but this is hardly sufficient. Munder, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.