■ RICHARD A. URBANK et al., Respondents, v BIG SCOTT STORES CORP., Defendant and Third-Party Plaintiff-Appellant. BANKAMERICARD, Third-Party Defendant-Appellant. — Appeals from so much of an order of the Supreme Court at Special Term (Williams, J.), entered January 5, 1982 in Ulster County, as denied defendant's and third-party defendant's motions for summary judgment dismissing plaintiffs' cause of action for malicious prosecution. On October 1, 1976, plaintiff Richard A. Urbank allegedly made a purchase at the Big Scott Store using a Bankamericard credit card bearing the name James F. Steipp. Upon inquiry from the store manager, the salesman, Stewart Sparling, Jr., recalled the transaction and was able to identify plaintiff as the purchaser. Sparling, at the direction of the store manager, went to the State Police barracks where he made and signed a statement on October 2, 1976,

which described the credit card transaction. Plaintiff was arrested on October 2, 1976 upon a warrant charging criminal possession of a forged instrument, second degree. Sparling testified before a Grand Jury which failed to indict plaintiff on any charge. Plaintiff commenced this action alleging malicious prosecution, false imprisonment and negligent arrest or negligent prosecution; his wife also asserted a derivative cause of action. Special Term dismissed all but the cause of action for malicious prosecution. Defendant and third-party defendant have appealed. The elements of the tort of malicious prosecution are: "(1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding, and (4) actual malice (Prosser Torts [4th ed], § 119)" (*Broughton v State of New York,* 37 NY2d 451, 457, cert den *sub nom. Schanbarger v Kellogg,* 423 US 929). Defendant and third-party defendant contend that they did not cause the criminal proceeding to be initiated or continued against plaintiff but only responded to an existing police investigation. This court has held that to satisfy the first element of the tort of malicious prosecution, "[a]ll that is required is that the defendant be shown to be responsible for the institution of the criminal action against the plaintiff" (*Dempsey v Masto,* 83 AD2d 725, 726, affd 56 NY2d 665). Special Term held that the affidavits of the attorneys for the two movants and the unsigned transcript of the examination before trial of Sparling submitted in support of the motions, were inadequate to prove that no cause of action for malicious prosecution exists. We agree. There is no indication in this record that the State Police or any law enforcement agency either knew about the alleged crime or was investigating it. In fact, Sparling testified that he went to the police at the direction of his manager after information from a previous transaction with plaintiff was found and they drove to plaintiff's place of business to make their own positive identification of him. Defendant's and third-party defendant's reliance upon *Gregorio v Terminal Trading Corp.* (39 AD2d 705) and *Macauley v Theodore B. Starr, Inc.* (194 App Div 643, 649, affd 233 NY 601) is misplaced, since in both of those cases, the proof clearly showed that a police investigation was already in progress and that the agents or employees of each defendant co-operated with the police in the ongoing investigations. It cannot be said that the proof in this record is sufficient to establish, as a matter of law, that defendant was not responsible for the institution of the criminal action against plaintiff (see CPLR 3212, subd [b]). Nor is this cause of action barred by *res judicata* or collateral estoppel as the result of the dismissal of plaintiff's action for malicious prosecution against another store. Apparently, after a criminal prosecution against plaintiff in connection with a subsequent purchase at another store using the same credit card was dismissed, his malicious prosecution suit brought against that store terminated upon the granting of summary judgment in favor of the defendant (*Urbank v Valley Casuals,* Supreme Ct, Ulster County, June 1, 1978 [Cholakis, J.]). There is no identity of issue present which has been decided in that prior action and is decisive of this action (*Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 71; see, also, *Shanley v Callanan Inds.,* 54 NY2d 52, 55). This record includes the papers, briefs and order and judgment in the *Valley Casuals* case, which clearly demonstrate the fundamental differences between the two cases. Order affirmed, with costs. Mahoney, P. J., Sweeney, Casey, Weiss and Levine, JJ., concur.