■ CHARLES BONFANTE, Appellant, v GOLUB CORPORATION et al., Respondents.—Appeal from an order and judgment of the Supreme Court (Lynch, J.), entered June 25, 1991 in Schenectady County, which, *inter alia,* granted defendants' motion to dismiss the complaint.

We reject plaintiff's assertion that Supreme Court erred in dismissing his malicious prosecution cause of action. In his supplemental complaint and bill of particulars plaintiff alleged that defendants maliciously instituted the criminal proceedings against him by filing an "accusatory instrument and/or complaint" containing untrue statements. Just prior to trial, however, it was determined that no such accusatory instrument was ever filed. Plaintiff now claims that although the pleadings are premised on an accusatory instrument, they "allege other acts on the part of [defendants] in addition to the mere signing of an accusatory instrument". We disagree.

As Supreme Court noted, "all wrongdoings alleged to have been committed by [defendants] as set forth in the pleadings are based upon [defendants] filing an accusatory complaint". Nowhere did plaintiff allege any other actions on defendants' part sufficient to overcome the presumption of probable cause raised by the indictment *(see, Hopkinson v Lehigh Val. R. R.*

*Co.,* 249 NY 296, 300). Therefore, insofar as it was established that defendants did not initiate the criminal proceedings by the filing of an instrument and given that plaintiff failed to allege that defendants falsified or withheld information *(see, Brown v Simab Corp.,* 20 AD2d 121, 122), or in any other way "procure[d] the initiation" of the criminal action, the cause of action for malicious prosecution could not stand *(see, Gregorio v Terminal Trading Corp.,* 39 AD2d 705). Similarly without merit is plaintiff's contention, advanced for the first time on this appeal, that Supreme Court should have permitted him to amend his pleadings *(see, Mondello v Mondello,* 161 AD2d 690; *see also, Bertan v Richmond Mem. Hosp. & Health Ctr.,* 106 AD2d 362).

Weiss, P. J., Mikoll, Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the order and judgment are affirmed, with costs.