■ Antonio E. Mesiti, Respondent, v Kenneth Wegman, Appellant. [763 NYS2d 67] —In an action, inter alia, to recover damages for false arrest and malicious prosecution, the defendant appeals from a judgment of the Supreme Court, Queens County (Polizzi, J.), dated April 3, 2002, which, upon the denial of his motion pursuant to CPLR 4401 for judgment as a matter of law made at the end of the plaintiff's case, upon a jury verdict, and upon the denial of his motion pursuant to CPLR 4404 to set aside the verdict as contrary to the weight of the evidence, is in favor of the plaintiff and against him in the principal sum of $40,000.

Ordered that the judgment is affirmed, with costs.

On May 10, 1990, at approximately 9:00 A.M., the plaintiff was driving his car on Broadway, in Queens, and struck the defendant, a pedestrian. At trial, the plaintiff testified that after the accident, he stopped his vehicle, exited the car, inquired if the defendant was injured, and offered to take him to the hospital. The defendant declined assistance and the plaintiff saw no indication that the defendant was injured. The plaintiff then showed the defendant his insurance card and asked him if he wanted to report the incident, and the defendant told him it was not necessary. The plaintiff left the scene and, since the damage to his vehicle was minor, did not report the accident to either the police or his insurance company. In contrast, the defendant testified that the plaintiff yelled at him and "sped away." In any event, it is undisputed that the defendant informed the police about the incident and provided the police with the plaintiff's license plate number.

A few days later, a detective contacted the defendant and escorted him to the plaintiff's place of business to see if he could identify the plaintiff but the plaintiff was not present. The detective subsequently attempted to contact the plaintiff but he was out of the country on vacation. Upon his return, the plaintiff was informed that the police wanted to talk to him about the accident. He immediately telephoned the detective and volunteered to come to the police station the following afternoon.

The next morning, however, the defendant drove out of his way to visit the plaintiff's place of business, and, upon observing the plaintiff therein, contacted the police. The defendant, accompanied by two police officers in plainclothes, then entered the plaintiff's busy establishment. The defendant identified the plaintiff as the individual who struck him with his car and departed. The police officers placed the plaintiff under arrest in front of approximately 8 to 10 customers and took him to the

police station. He was processed, detained for about four hours, issued an appearance ticket, and released. He was later found not guilty of violating Vehicle and Traffic Law § 600 (2).

A jury verdict "should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence" (*Nicastro v Park,* 113 AD2d 129, 134 [1985] [internal quotation marks omitted]; *see Cohen v Hallmark Cards,* 45 NY2d 493 [1978]). "[T]he determination of the jury which observed the witnesses and the evidence is entitled to great deference" (*Hernandez v Carter & Parr Mobile,* 224 AD2d 586, 587 [1996]).

"[A] civilian complainant, by merely seeking police assistance or furnishing information to law enforcement authorities who are then free to exercise their own judgment as to whether an arrest should be made and criminal charges filed, will not be held liable for false arrest or malicious prosecution" (*Du Chateau v Metro-North Commuter R.R. Co.,* 253 AD2d 128, 131 [1999]; *see Schiffren v Kramer,* 225 AD2d 757, 758-759 [1996]; *Celnick v Freitag,* 242 AD2d 436, 437 [1997]). A plaintiff must demonstrate that the defendant "played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act" (*Du Chateau v Metro-North Commuter R.R. Co., supra* at 131 [internal quotation marks omitted]). "The defendant must have affirmatively induced the officer to act, such as taking an active part in the arrest and procuring it to be made or showing active, officious and undue zeal, to the point where the officer is not acting of his own volition" (59 NY Jur 2d, False Imprisonment and Malicious Prosecution § 37; *see Eisenkraft v Armstrong,* 172 AD2d 484, 486 [1991]).

To recover damages for false arrest, the plaintiff was required to show that his arrest was not supported by probable cause (*see Broughton v State of New York,* 37 NY2d 451 [1975], *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929 [1975]). The weight of the evidence established that there was no probable cause to make an arrest, since the plaintiff stopped his car, exited the vehicle, showed the defendant his insurance card, and asked him if he wanted to report the incident, which the defendant declined.

Moreover, the jury reasonably found that the defendant acted with undue zeal by affirmatively instigating the plaintiff's arrest (*see Eisenkraft v Armstrong, supra;* 59 NY Jur 2d, False Imprisonment and Malicious Prosecution § 37). It is undisputed that the police knew that the vehicle which struck the defendant was registered to the plaintiff and that the defendant was

aware that the police were actively investigating the incident. Consequently, the defendant had no reason to believe that the plaintiff would not surrender himself to the police or be arrested. The jury therefore was able to reasonably determine that the defendant instigated the plaintiff's arrest by going to the plaintiff's place of business, telephoning the police, and identifying him on the spot in front of his customers (*see generally Barnes v Bollhorst,* 14 AD2d 774 [1961]).

Additionally, the evidence was sufficient as a matter of law to sustain the plaintiff's malicious prosecution claim. To obtain recovery for malicious prosecution, a plaintiff must establish that a criminal proceeding was commenced, that it was terminated in favor of the accused, that it lacked probable cause, and that the proceeding was brought out of actual malice (*see Martinez v City of Schenectady,* 97 NY2d 78, 85 [2001]; *Broughton v State of New York, supra*). At trial, the plaintiff established that the defendant "played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act" (*Du Chateau v Metro-North Commuter R.R. Co., supra* at 131 [internal quotation marks omitted]). Moreover, the jury was able to "infer the existence of actual malice from the fact that there was no probable cause to initiate the proceeding" (*Martin v City of Albany,* 42 NY2d 13, 17 [1977]).

The award of punitive damages was proper in light of evidence of the defendant's intentional and malicious conduct toward the plaintiff (*see Wolosin v Campo,* 256 AD2d 332, 333 [1998]).

The defendant's remaining contentions are without merit. Prudenti, P.J., Feuerstein, McGinity and Adams, JJ., concur.