■ JOHN PAYNE et al., Appellants, v COUNTY OF SULLIVAN et al., Respondents. [784 NYS2d 251]—

Spain, J. Appeal from an order of the Supreme Court (Clemente, J.), entered April 11, 2003 in Sullivan County, which, inter alia, granted certain defendants' motion to dismiss the complaint against them.

Plaintiff John Payne (hereinafter plaintiff) owns and operates plaintiff Payne in the Rear, Inc., a boat storage and repair facility in the Village of Monticello, Sullivan County. In September

2002, plaintiff agreed to winterize and store defendant Ann Marlow's boat. The parties dispute whether Marlow's consent to store her boat at plaintiff's facility was conditioned upon plaintiff retrieving Marlow's trailer from where it was then stored at another local storage facility and using it to transport her boat to plaintiff's facility. When plaintiff encountered difficulty securing Marlow's trailer, he used his own trailer to transport Marlow's boat.

After plaintiff took steps to winterize the boat, Marlow visited Payne in the Rear and, for reasons which are in dispute, requested that plaintiff transport the boat to her dock or to the other facility. Plaintiff refused to do so until Marlow paid him $450 for the work already performed on the boat. Instead, Marlow contacted the Sullivan County Sheriff's Department and, in a written statement, accused plaintiff of taking the boat on his own trailer without her consent and then refusing to relinquish it. Thereafter, the Sheriff's Department notified plaintiff on several different occasions that he was in possession of stolen property which he must return. Initially, plaintiff refused, asserting that he had a valid lien on the boat but, faced with the potential for criminal prosecution, he eventually returned the boat to Marlow.

Plaintiffs commenced this action against Marlow, Sullivan County, Sheriff Daniel Hogue and Deputy Sheriff Donald Buckner, asserting liability under 42 USC § 1983 and under theories of constructive false arrest, malicious prosecution and tortious interference with contract and, against Marlow only, defamation. In lieu of an answer, the County, Hogue and Buckner moved to dismiss the complaint against them and to disqualify plaintiffs' attorney. Marlow cross-moved to dismiss the claims against her. Supreme Court dismissed all of plaintiffs' claims except the defamation claim against Marlow and denied the motion to disqualify plaintiffs' attorney. Plaintiffs appeal, arguing that Supreme Court should not have dismissed the 42 USC § 1983 claims.

We affirm. "In order to state a claim under [42 USC § 1983], the plaintiff must allege, at a minimum, conduct by a person acting under color of law which deprived the injured party of a right, privilege or immunity guaranteed by the Constitution or the laws of the United States" (*DiPalma v Phelan*, 81 NY2d 754, 756 [1992] [citation omitted]). Plaintiffs allege deprivation of a constitutionally protected property interest when, in response to the threat of prosecution made by Hogue and Buckner, plaintiff was forced to release Marlow's boat despite his lien against that property as a garage keeper owed a debt for ser-

vices rendered. When we credit plaintiffs' version of the events, as we must in the context of their opposition to defendants' CPLR 3211 motion, we conclude that plaintiff may have had a valid lien against Marlow's boat (*see* Lien Law § 184). Plaintiffs fail to plead sufficient facts, however, to support the claim that plaintiff was deprived of that property interest without due process of the law by a misuse of governmental authority by defendants.

Where, as here, it is alleged that law enforcement officers impinged upon a constitutionally protected right while performing one of their discretionary functions, a claim under 42 USC § 1983 will not stand where "it was objectively reasonable for [the officers] to believe that their acts did not violate those rights" (*Martinez v City of Schenectady*, 115 F3d 111, 115 [1997]). We have recognized that " '[an] essential element of a 42 USC § 1983 claim alleging deprivation of constitutional rights under color of law is that probable cause did not exist at the time the claimant was subjected to the unconstitutional deprivation' " (*Kubik v New York State Dept. of Social Servs.*, 278 AD2d 644, 646 [2000], quoting *Sutkiewicz v Monroe County Sheriff*, 110 F3d 352, 357 [1997]). Here, Hogue and Buckner acted within their authority in relying on Marlow's sworn statement when informing plaintiff that he could face criminal charges. Plaintiff has failed to allege additional facts sufficient to demonstrate that they took any unreasonable action or made threats of arrest that were not supported by probable cause, given the parties' as yet unresolved dispute regarding whether plaintiff was ever in legal possession of the boat (*see Zientek v State of New York*, 222 AD2d 1041, 1042 [1995], *appeal dismissed* 87 NY2d 1054 [1996], *cert denied* 519 US 862 [1996]; *cf. Kubik v New York State Dept. of Social Servs., supra* at 647).

The 42 USC § 1983 claims against the County were also properly dismissed. Indeed, even had some wrongdoing been pleaded with respect to Hogue and Buckner, the County "cannot be [held] liable on the basis of respondeat superior in a section 1983 action" (*Brown v State of New York*, 89 NY2d 172, 193-194 [1996]) and plaintiffs have failed to demonstrate that "some affirmative policy or custom or other knowing act on the part of . . . the county has caused the alleged constitutional deprivation" (*La Belle v County of St. Lawrence*, 85 AD2d 759, 760 [1981]).

To the extent that the complaint asserts a cause of action against Marlow under 42 USC § 1983, it was likewise properly dismissed. To state a cause of action under that statute against Marlow, a private citizen, it was incumbent upon plaintiffs to

show that Marlow "engaged in a conspiracy with state officials to deprive [plaintiff] of federal rights" (*Tower v Glover*, 467 US 914, 920 [1984]). Here, no evidence exists that Marlow contributed to the actions of the County defendants beyond filing the complaint against plaintiff. This is insufficient to demonstrate the collaborative action necessary to render her liable, as a private citizen, under 42 USC § 1983 (*see Dahlberg v Becker*, 748 F2d 85, 90 [1984], *cert denied* 470 US 1084 [1985]; *Boykin v Bloomsburg Univ. of Penn.*, 893 F Supp 409, 417 [1995]; *affd* 91 F3d 122 [1996], *cert denied* 519 US 1078 [1997]; *cf. Lugar v Edmundson Oil Co.*, 457 US 922, 939 n 12 [1982]).

Accordingly, we hold that under the circumstances presented here, plaintiff's return of the boat to Marlow in the face of potential criminal charges is not, as a matter of law, a deprivation of property which can support a 42 USC § 1983 claim. Plaintiffs have abandoned any argument that the complaint states valid claims for constructive false arrest, malicious prosecution or tortious interference with contract. In any event, we find Supreme Court's reasons for dismissing these claims to be sound.

Cardona, P.J., Mercure, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, with one bill of costs.