■ DAVID LEVY, Respondent, v CHERYL H. GRANDONE, Appellant. [789 NYS2d 291]—

In an action, inter alia, to recover damages for false arrest, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated August 13, 2004, as denied those branches of her cross motion which were for summary judgment dismissing the causes of action to recover damages for false arrest, false imprisonment, malicious prosecution, libel per se, and slander per se and, in effect, to direct the plaintiff to disclose income tax returns, and as granted those branches of the plaintiff's motion which were for summary judgment dismissing the counterclaims to recover damages for intentional infliction of emotional distress.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the cross motion which were for summary judgment dismissing the first (false arrest), second (false imprisonment), and third (malicious prosecution) causes of action, and so much of the fourth (libel per se) and fifth (slander per se) causes of action as are based upon the defendant's communications with the police and substituting thereof provisions granting those branches of the cross motion;

as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the first, second, and third causes of action and so much of the fourth and fifth causes of action as are based upon the defendant's communications with the police are dismissed.

This action arises from a soured romantic relationship between the plaintiff and the defendant, who resided in the same apartment building. At a deposition, the defendant testified that in the months after the relationship ended the plaintiff harassed her, and that she believed he had stolen items from her apartment and vehicle, and had vandalized her vehicle. The defendant spoke to several building employees about her suspicions and filed a complaint with the police. Subsequently, the plaintiff was arrested and charged with aggravated harassment. However, on the second day of trial on a reduced charge of attempted aggravated harassment, the charge was withdrawn by the People at the defendant's request. The plaintiff thereafter commenced this action, inter alia, to recover damages for false arrest, false imprisonment, malicious prosecution, libel per se, and slander per se. The defendant counterclaimed to recover damages for intentional infliction of emotional distress. The plaintiff moved for summary judgment on the issue of liability as to all of the causes of action and to dismiss the defendant's counterclaims. The defendant cross-moved, inter alia, for summary judgment dismissing the complaint.

In support of those branches of her cross motion which were for summary judgment dismissing the causes of action to recover damages for false arrest, false imprisonment, and malicious prosecution, the defendant presented evidence that she did no more than furnish the police with information which, after an investigation, resulted in the plaintiff's arrest and the charge against him. "[A] civilian complainant, by merely seeking police assistance or furnishing information to law enforcement authorities who are then free to exercise their own judgment as to whether an arrest should be made and criminal charges filed, will not be held liable for false arrest or malicious prosecution" (*Mesiti v Wegman,* 307 AD2d 339, 340 [2003] [internal quotation marks omitted]; *see O'Connell v Luebs,* 264 AD2d 385 [1999]). In opposition to this prima facie demonstration of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact whether the defendant "played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act" or that she "affirmatively induced the officer to act, such as taking an active part in the arrest and procuring it to be made or show-

ing active, officious and undue zeal, to the point where the officer is not acting of his own volition" (*Mesiti v Wegman, supra* at 340, [internal quotation marks omitted]; *see Wasilewicz v Village of Monroe Police Dept.,* 3 AD3d 561, 562 [2004]). Accordingly, those branches of the defendant's cross motion which were for summary judgment dismissing the causes of action to recover damages for false arrest, false imprisonment, and malicious prosecution should have been granted.

Similarly, the defendant should have been granted summary judgment dismissing the causes of action seeking damages arising from libel per se and slander per se insofar as they were based upon the defendant's communications with the police. In opposition to the defendant's prima facie demonstration that such communications were protected by a qualified privilege, the plaintiff failed to raise a triable issue of fact that the communications were motivated solely by malice (*see Toker v Pollak,* 44 NY2d 211, 218 [1978]; *Golden v Stiso,* 279 AD2d 607 [2001]; *Garson v Hendlin,* 141 AD2d 55, 63-64 [1988]).

On appeal, the defendant also argues that the causes of action alleging libel per se and slander per se insofar as they were based upon communications with building personnel should have been dismissed on the same ground. However, this argument was not raised before the Supreme Court and is not properly before this Court on appeal (*see Matter of New York Cent. Mut. Fire Ins. Co. v Daley,* 273 AD2d 315 [2000]).

The Supreme Court properly granted those branches of the plaintiff's cross motion which were for summary judgment dismissing the defendant's counterclaims to recover damages for intentional infliction of emotional distress. The defendant, inter alia, failed to allege the required extreme and outrageous conduct (*see Howell v New York Post Co.,* 81 NY2d 115, 121-22 [1993]; *Glendora v Walsh,* 227 AD2d 377 [1996], *lv denied* 88 NY2d 812 [1996], *cert denied* 519 US 1122 [1997]).

The defendant's remaining contentions are without merit. Cozier, J.P., Ritter, Luciano and Lifson, JJ., concur.