KATIE LUPSKI, Appellant, v COUNTY OF NASSAU et al., Defendants, and STEVEN JARONCZYK, Respondent. [822 NYS2d 112]—

In an action, inter alia, to recover damages for malicious prosecution, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Galasso, J.), dated June 30, 2005, as granted the motion of the defendant Steven Jaronczyk pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him for failure to state a cause of action, and denied her cross motion pursuant to CPLR 3211 (e) for leave to replead.

Ordered that the order is affirmed insofar as appealed from, with costs.

In reviewing a motion pursuant to CPLR 3211 (a) (7) to dismiss a complaint for failure to state a cause of action, the facts as alleged in the complaint must be accepted as true, the plaintiff is accorded the benefit of every possible favorable inference, and the court's function is to determine only whether the facts as alleged fit within any cognizable legal theory (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *Morone v Morone*, 50 NY2d 481, 484 [1980]; *Rochdale Vil. v Zimmerman*, 2 AD3d 827

[2003]). "[T]he criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]).

Applying these principles here, the Supreme Court correctly determined that the complaint failed to set forth a cause of action against the defendant Steven Jaronczyk to recover damages for malicious prosecution. "In order to recover for malicious prosecution, a plaintiff must establish four elements: that a criminal proceeding was commenced; that it was terminated in favor of the accused; that it lacked probable cause; and that the proceeding was brought out of actual malice" (*Cantalino v Danner*, 96 NY2d 391, 394 [2001]; *see Smith-Hunter v Harvey*, 95 NY2d 191, 195 [2000]; *Broughton v State of New York*, 37 NY2d 451, 457 [1975]). Here, there is no dispute that the criminal proceeding was terminated in the plaintiff's favor. Rather, the parties disagree as to whether the plaintiff sufficiently pleaded facts showing that Jaronczyk initiated the criminal proceeding without probable cause and with actual malice.

Generally, a civilian defendant who merely furnishes information to law enforcement authorities who are then free to exercise their own independent judgment as to whether an arrest will be made and criminal charges filed will not be held liable for malicious prosecution (*see Du Chateau v Metro-North Commuter R.R. Co.*, 253 AD2d 128, 131 [1999]). In order for a civilian defendant to be considered to have initiated the criminal proceeding, "it must be shown that defendant played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act" (*Viza v Town of Greece*, 94 AD2d 965, 966 [1983]; *see Mesiti v Wegman*, 307 AD2d 339, 340 [2003]; *Brown v Sears Roebuck & Co.*, 297 AD2d 205, 209 [2002]). "The defendant must have affirmatively induced the officer to act, such as taking an active part in the arrest and procuring it to be made or showing active, officious and undue zeal, to the point where the officer is not acting of his own volition" (*Mesiti v Wegman, supra* at 340; *see* 59 NY Jur 2d, False Imprisonment and Malicious Prosecution § 37). Merely giving false information to the authorities does not constitute initiation of the proceeding without an additional allegation or showing that, at the time the information was provided, the defendant knew it to be false, yet still gave it to the police or District Attorney (*see Al Raschid v News Syndicate Co.*, 265 NY 1, 3 [1934]; *Bonfante v Golub Corp.*, 186 AD2d 343, 344 [1992]; *but see Brown v Sears Roebuck & Co., supra*; *Du Chateau v Metro-North Commuter R.R. Co., supra* at 132).

Likewise, in order to show lack of probable cause for the crim-

inal action following an indictment, which is prima facie evidence of probable cause, "[t]he plaintiff in a malicious prosecution action must meet this evidence with proof that defendant has not made a full and complete statement of the facts either to the Grand Jury or the District Attorney, has misrepresented or falsified the evidence or else kept back evidence which would affect the result" (*Viza v Town of Greece, supra* at 966 [internal quotation marks and citation omitted]; *see Hopkinson v Lehigh Val. R.R. Co.,* 249 NY 296, 300 [1928]). This also requires pleading intentional or knowing conduct on the part of a defendant.

Here, the complaint, coupled with the plaintiff's affidavit submitted in opposition to the motion, merely alleged that Jaronczyk provided false information to the police relative to, inter alia, the plaintiff's speed at the time of the accident and that this information formed the basis for the criminal proceeding commenced against her. This fell short of sufficiently pleading the scienter requirement of the element of commencement of a proceeding without probable cause required for a malicious prosecution claim (*see Al Raschid v News Syndicate Co., supra; Bonfante v Golub Corp., supra*).

Finally, the Supreme Court providently exercised its discretion in denying the plaintiff's cross motion pursuant to CPLR 3211 (e) for leave to replead since she did not submit a copy of a proposed new pleading and did not demonstrate that the proposed amendment had merit (*see Black Car & Livery Ins., Inc. v H&W Brokerage, Inc.,* 28 AD3d 595 [2006]; *Ferdinand v Crecca & Blair,* 5 AD3d 538, 540 [2004]; *Barrett v Huff,* 6 AD3d 1164, 1168 [2004]). Crane, J.P., Spolzino, Fisher and Lunn, JJ., concur.