■ JOSEPH BOADU, Respondent, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY TRANSIT AUTHORITY, Appellant. [944 NYS2d 265]—

In an action, inter alia, to recover damages for false arrest, the defendant New York City Transit Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated December 9, 2010, as denied that branch of its cross motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action against the City of New York and the New York City Transit Authority (hereinafter the Transit Authority) alleging, among other things, that he was unlawfully searched and detained after he was falsely accused of giving a counterfeit 10-dollar bill to the station agent at the Jay Street subway station in Brooklyn. The Transit Authority appeals from so much of an order of the Supreme Court, Kings County dated December 9, 2010, as denied that branch of its cross motion which was for summary judgment dismissing the complaint insofar as asserted against it, and we affirm the order insofar as appealed from.

The Supreme Court properly considered the deposition

transcripts submitted by the Transit Authority in support of its cross motion for summary judgment. Although unsigned, the deposition transcripts were certified by the reporter and the plaintiff did not raise any challenges to their accuracy. Thus, the transcripts qualified as admissible evidence for purposes of the cross motion (*see Rodriguez v Ryder Truck, Inc.*, 91 AD3d 935, 936 [2012]; *Zalot v Zieba*, 81 AD3d 935 [2011]).

Relying on this admissible evidence, the Transit Authority established, prima facie, that the station agent did no more than furnish the police with information which, after an investigation, resulted in the alleged unlawful detention and arrest of the plaintiff. "[A] civilian complainant, by merely seeking police assistance or furnishing information to law enforcement authorities who are then free to exercise their own judgment as to whether an arrest should be made and criminal charges filed, will not be held liable for false arrest or malicious prosecution" (*Mesiti v Wegman*, 307 AD2d 339, 340 [2003] [internal quotation marks omitted]; *see Levy v Grandone*, 14 AD3d 660, 661 [2005]). However, in opposition to this prima facie demonstration of entitlement to judgment as a matter of law, the plaintiff, through his deposition testimony, raised a triable issue of fact as to whether the station agent "affirmatively induced the officer to act, such as taking an active part in the arrest and procuring it to be made or showing active, officious and undue zeal, to the point where the officer is not acting of his own volition" (*Mesiti v Wegman*, 307 AD2d at 340 [internal quotation marks omitted]). Accordingly, that branch of the Transit Authority's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it was properly denied. Rivera, J.P., Dickerson, Leventhal and Cohen, JJ., concur.