■ JOSEPH K. ROBLES, Appellant, v CITY OF NEW YORK et al., Defendants, and ALLSTATE INSURANCE COMPANY et al., Respondents. [961 NYS2d 533]—

In an action to recover damages for false arrest, malicious prosecution, and violation of 42 USC § 1983, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Ash, J.), dated September 14, 2011, as granted the motion of the defendants Allstate Insurance Company, Dan Kelly, and Glenn Visconti for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants Allstate Insurance Company, Dan Kelly, and Glenn Visconti for summary judgment dismissing the complaint insofar as asserted against them is denied.

The plaintiff commenced this action to recover damages for false arrest, malicious prosecution, and violation of 42 USC § 1983. The defendants Allstate Insurance Company, Dan Kelly, and Glenn Visconti (hereinafter collectively the Allstate defendants), moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court, inter alia, granted the Allstate defendants' motion.

"[A] civilian defendant who merely furnishes information to law enforcement authorities who are then free to exercise their own independent judgment as to whether an arrest will be made and criminal charges filed will not be held liable for malicious prosecution" (*Lupski v County of Nassau*, 32 AD3d 997, 998

[2006]) or false arrest (*see Hendrickson-Brown v City of White Plains*, 92 AD3d 638, 639-640 [2012]; *Williams v Amin*, 52 AD3d 823, 824 [2008]). A plaintiff must demonstrate that the defendant "played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act" (*Du Chateau v Metro-North Commuter R.R. Co.*, 253 AD2d 128, 131 [1999] [internal quotation marks omitted]; *see Mesiti v Wegman*, 307 AD2d 339, 340 [2003]). "The defendant must have affirmatively induced the officer to act, such as taking an active part in the arrest and procuring it to be made or showing active, officious and undue zeal, to the point where the officer is not acting of his own volition" (*Mesiti v Wegman*, 307 AD2d at 340 [internal quotation marks omitted]; *see Leviev v Bebe Stores, Inc.*, 85 AD3d 736, 736-737 [2011]; *DeFilippo v County of Nassau*, 183 AD2d 695, 696 [1992]).

Here, the Allstate defendants established their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging false arrest and malicious prosecution by presenting evidence that they did no more than furnish information to law enforcement authorities (*see Boadu v City of New York*, 95 AD3d 918, 919 [2012]; *Donnelly v Nicotra*, 55 AD3d 868, 868 [2008]). The Allstate defendants similarly established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging violation of 42 USC § 1983 (*see Payne v County of Sullivan*, 12 AD3d 807, 809-810 [2004]).

However, in opposition to the Allstate defendants' prima facie showing, the plaintiff raised triable issues of fact as to whether the Allstate defendants affirmatively induced law enforcement officials to act by taking an active part in the arrest and procuring it to be made, or by engaging in active, officious, and undue zeal to the point where the law enforcement officials were not acting of their own volition (*see Boadu v City of New York*, 95 AD3d at 919; *see also Mesiti v Wegman*, 307 AD2d at 340). The plaintiff's submissions were also sufficient to raise triable issues of fact as to whether the Allstate defendants intentionally provided false information to law enforcement officials or withheld material information (*see Brown v Nassau County*, 306 AD2d 303, 303 [2003]; *cf. Brown v Sears Roebuck & Co.*, 297 AD2d 205, 210 [2002]; *DeFilippo v County of Nassau*, 183 AD2d at 696), thereby permitting an inference of actual malice (*see Mesiti v Wegman*, 307 AD2d at 340). The plaintiff's submissions additionally raised triable issues of fact as to whether the Allstate defendants "engaged in a conspiracy with state officials to deprive [plaintiff] of federal rights" (*Tower v Glover*, 467 US

914, 920 [1984]; *cf. Payne v County of Sullivan*, 12 AD3d at 809-810). Accordingly, the Supreme Court should have denied the Allstate defendants' motion for summary judgment dismissing the complaint insofar as asserted against them. Dillon, J.P., Balkin, Chambers and Miller, JJ., concur.