*820 The Supreme Court erred in denying those branches of the defendants’ separate motions which were for summary judgment dismissing the causes of action alleging false arrest, malicious prosecution, and abuse of process insofar as asserted against them. The defendants each established their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging false arrest and malicious prosecution insofar as asserted against them by demonstrating that the defendants Lagena Solomon and James Williams, employees of the defendant Follett Higher Education Group, Inc. (hereinafter Follett), sought police assistance after a robbery. Solomon and Williams provided information to the police, Solomon testified before the grand jury that indicted the plaintiff, and they both testified at the plaintiffs trial. Solomon identified the plaintiff, a fellow employee at Follett’s store, as the perpetrator of the robbery, and Williams, who also worked at the store, provided a physical description of the perpetrator. A civilian defendant who merely furnishes information to law enforcement authorities, who are then free to exercise their own independent judgment as to whether an arrest will be made and criminal charges filed, will not be held liable for false arrest or malicious prosecution (see Robles v City of New York, 104 AD3d 829, 829-830 [2013]; Lupski v County of Nassau, 32 AD3d 997, 998 [2006]; Mesiti v Wegman, 307 AD2d 339 [2003]; Du Chateau v Metro-North Commuter R.R. Co., 253 AD2d 128, 131 [1999]). Further, since the plaintiff was indicted by the grand jury for the subject incident, a presumption of probable cause was created for the purposes of the malicious prosecution cause of action (see Rodgers v City of New York, 106 AD3d 1068, 1070 [2013]; cf. Broughton v State of New York, 37 NY2d 451, 456 [1975], cert denied 423 US 929 [1975]). Contrary to the plaintiffs contention, in opposing the defendants’ motion, he failed to raise a triable issue of fact as to whether the defendant employees intentionally provided false information or deliberately misled the police. The defendants similarly established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging abuse of process by demonstrating that they did not use the criminal prosecution of the plaintiff “in a perverted manner to obtain a collateral objective” (Curiano v Suozzi, 63 NY2d 113, 116 [1984]). In response to this prima facie showing, the plaintiff *821 failed to raise a triable issue of fact. Rivera, J.P., Dickerson, Leventhal and Hall, JJ., concur.