# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1299**
**CA 14-00373**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

NIKIA WASHINGTON, PLAINTIFF-RESPONDENT,

V                                                              MEMORANDUM AND ORDER

TOWN OF GREECE, GREECE POLICE DEPARTMENT,
FORMER CHIEF OF POLICE MERRITT RAHN, POLICE
OFFICER ROBERT DOWNS, LIEUTENANT STEPHEN P.
WISE, ROBERT VETERE, INDIVIDUALLY AND IN
THEIR OFFICIAL CAPACITIES, GREECE MALL AND
WILMORITE, INC., DEFENDANTS-APPELLANTS.

---

GALLO & IACOVANGELO, LLP, ROCHESTER (BRIAN P. RILEY OF COUNSEL), FOR
DEFENDANTS-APPELLANTS TOWN OF GREECE, GREECE POLICE DEPARTMENT,
FORMER CHIEF OF POLICE MERRITT RAHN, POLICE OFFICER ROBERT DOWNS, AND
LIEUTENANT STEPHEN P. WISE, INDIVIDUALLY AND IN THEIR OFFICIAL
CAPACITIES.

TREVETT CRISTO SALZER ANDOLINA P.C., ROCHESTER (ERIC M. DOLAN OF
COUNSEL), FOR DEFENDANTS-APPELLANTS ROBERT VETERE, INDIVIDUALLY AND IN
HIS OFFICIAL CAPACITY, GREECE MALL AND WILMORITE, INC.

BROWN & HUTCHINSON, ROCHESTER (MICHAEL COBBS OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeals from an order of the Supreme Court, Monroe County (Robert
B. Wiggins, A.J.), entered May 10, 2013. The order denied in part
defendants' motions for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting those parts of the motion
of defendants Robert Vetere, Greece Mall, and Wilmorite, Inc., with
respect to the causes of action for false arrest, false imprisonment,
and malicious prosecution, and dismissing those causes of action
against them, and as modified the order is affirmed without costs.

Memorandum: Defendants Town of Greece, Greece Police Department,
former Chief of Police Merritt Rahn, Police Officer Robert Downs, and
Lieutenant Stephen P. Wise (Greece defendants), and defendants Robert
Vetere, Greece Mall, and Wilmorite, Inc. (Mall Defendants), appeal
from an order which, insofar as appealed from, denied those parts of
their motions for summary judgment seeking dismissal of plaintiff's
causes of action alleging false arrest, false imprisonment, malicious
prosecution, and assault and battery. The Greece defendants also
appeal from that part of the order that denied their motion for

summary judgment seeking dismissal of the cause of action for violation of plaintiff's constitutional rights. This lawsuit stems from an altercation between plaintiff and security personnel at the Greece Mall. As a result of the altercation, plaintiff was arrested and charged with resisting arrest, assault in the third degree, disorderly conduct, and harassment in the second degree. She was acquitted of all charges following a jury trial in Town Court. Plaintiff thereafter commenced this action alleging, inter alia, tortious conduct against her on the part of defendants. The Greece defendants and the Mall defendants separately moved for summary judgment dismissing the complaint, and Supreme Court granted the motions in part, denying those parts of their motions seeking dismissal of the causes of action for false arrest, false imprisonment, malicious prosecution, and assault and battery, and denying that part of the motion of the Greece defendants seeking dismissal of the cause of action for violation of plaintiff's constitutional rights. We conclude that the court erred in denying those parts of the motion of the Mall defendants seeking dismissal of the causes of action for false arrest, false imprisonment, and malicious prosecution, and we therefore modify the order accordingly.

As a preliminary matter, we note that the causes of action for false arrest and false imprisonment are synonymous (*see Holland v City of Poughkeepsie*, 90 AD3d 841, 844-845), and our analysis treats them as such. We agree with the Mall defendants that the court erred in denying that part of their motion concerning those causes of action. In order to establish liability therefor on the part of the Mall defendants, plaintiff is required to prove, inter alia, that the Mall defendants " 'took an *active role* in the [arrest] of the plaintiff, such as giving advice and encouragement or importuning the authorities to act' " (*Lowmack v Eckerd Corp*., 303 AD2d 998, 999 [emphasis added]; *see generally Dunn v City of Syracuse*, 83 AD2d 783, 783). Here, however, the Mall defendants met their initial burden on their motion of establishing as a matter of law that their security guard did not take the requisite "active role" in arresting plaintiff. Contrary to plaintiff's contention, the record establishes that the security guard handcuffed plaintiff only at the direction of a Town of Greece police officer (hereafter, police officer), who informed plaintiff that she was under arrest (*see generally Vernes v Phillips*, 266 NY 298, 300-301; *Du Chateau v Metro-North Commuter R.R. Co.*, 253 AD2d 128, 132-133). Plaintiff failed to raise a triable issue of fact in opposition (*see Quigley v City of Auburn*, 267 AD2d 978, 980; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

We also agree with the Mall defendants that the court erred in denying that part of their motion seeking dismissal of the cause of action for malicious prosecution. In order to hold the Mall defendants liable for that tort, plaintiff is required to prove, inter alia, "the commencement . . . of a criminal proceeding by the [Mall] defendant[s] against" her (*Broughton v State of New York*, 37 NY2d 451, 457, *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929; *see Martinez v City of Schenectady*, 97 NY2d 78, 84). To establish that element, plaintiff would have to prove that the Mall defendants "affirmatively induced the [police] officer to act," for example, by

"taking an active part in the arrest and procuring it to be made or showing active, officious and undue zeal, to the point where the [police] officer [was] not acting of his own volition" (*Lupski v County of Nassau*, 32 AD3d 997, 998; *see Viza v Town of Greece*, 94 AD2d 965, 966, *appeal dismissed* 64 NY2d 776).  We conclude in this case, however, that the Mall defendants met their initial burden on their motion of establishing that they did not commence a criminal proceeding against plaintiff inasmuch as the security guard did not affirmatively induce the police officer to act to the point where the police officer was not acting of his own volition.  Indeed, the record establishes that the police officer observed the altercation, and acted of his own volition in directing the security guard to handcuff plaintiff and in informing plaintiff that she was under arrest. Plaintiff failed to raise a triable issue of fact in opposition (*see Levy v Grandone*, 14 AD3d 660, 661; *see generally Zuckerman*, 49 NY2d at 562).

We reject the contention of the Greece defendants that the court erred in denying that part of their motion seeking dismissal of the causes of action for false arrest, false imprisonment, and malicious prosecution.  Viewing the evidence in the light most favorable to plaintiff, we conclude that the Greece defendants failed to satisfy their initial burden (*see Vega v Restani Constr. Corp.*, 18 NY3d 499, 503; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *see generally Nichols v Xerox Corp.*, 72 AD3d 1501, 1502).  The Greece defendants' own submissions, which included plaintiff's sworn testimony, raised a triable issue of fact whether the Greece defendants had probable cause to arrest plaintiff (*see Burgio v Ince*, 79 AD3d 1733, 1734-1735; *see also Parkin v Cornell Univ., Inc.*, 78 NY2d 523, 529; *see generally Wilner v Village of Roslyn*, 99 AD3d 702, 704).  In light of that determination, we do not reach the remaining contentions of the Greece defendants regarding the causes of action for assault and battery and violation of plaintiff's constitutional rights.

Entered:  March 27, 2015                      Frances E. Cafarell
                                              Clerk of the Court