DeJesus v Moshiashvili (2019 NY Slip Op 07860)





DeJesus v Moshiashvili


2019 NY Slip Op 07860


Decided on October 31, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2019

Friedman, J.P., Kapnick, Kern, Singh, JJ.


153314/12  10255B 10255A 10255 10255C

[*1] Fausto DeJesus, Plaintiff-Respondent,
v
Tatiana Moshiashvili, et al., Defendants-Appellants. [And Other Actions.]


Nicolini, Paradise, Ferretti & Sabella, PLLC, Mineola (John J. Nicolini of counsel), for appellants.
Sivin & Miller, LLP, New York (Andrew C. Weiss of counsel), for respondent.



Judgment, Supreme Court, New York County (Gerald Lebovits, J.), entered July 31, 2018, upon a jury verdict, awarding damages to plaintiff, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered July 17, 2018, which denied defendants' motions pursuant to CPLR 4401 and 4404(a) to dismiss the complaint or set aside the verdict, and order, same court (Arlene P. Bluth, J.), entered April 14, 2017, to the extent it denied defendants' motion for summary judgment dismissing the complaint in its entirety as against defendant Michael Moshiashvili (Michael), unanimously dismissed, without costs, as subsumed in the appeal from the judgment. Purported appeal from the jury verdict unanimously dismissed, without costs, as taken from a nonappealable paper.
Supreme Court correctly declined to dismiss the malicious prosecution and abuse of process claims against Michael, either at the summary judgment stage or at trial. A genuine issue of material fact existed for resolution by a jury as to whether Michael, despite believing that defendant Tatiana Moshiashvili's (Tatiana) allegations were false, not only maliciously withheld critical evidence but actively encouraged the prosecution of plaintiff (see Brown v Sears Roebuck & Co., 297 AD2d 205, 210 [1st Dept 2002]; Lupski v County of Nassau, 32 AD3d 997, 998 [2d Dept 2006]; Mesiti v Wegman, 307 AD2d 339, 341 [2d Dept 2003]). A genuine issue of material fact also existed as to Michael's role in the prosecution of plaintiff and whether he perverted the process with intent to do harm without excuse or justification to achieve a collateral objective (see generally Curiano v Suozzi, 63 NY2d 113, 116 [1984]).
The court properly admitted into evidence, over defendants' objection, incident reports and testimony of defendants' former neighbor under the motive and intent exceptions of People v Molineux (168 NY 264, 294-300 [1901]). Each of the incident reports was either directly relevant to this action or was also
properly admitted pursuant to the common plan or scheme exception under Molineux (168 NY at 305-313).
We find that the damages awards are not excessive.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 31, 2019
CLERK