Gonzales v Food First HDFC, Inc. (2021 NY Slip Op 51247(U))

[*1]

Gonzales v Food First HDFC, Inc.

2021 NY Slip Op 51247(U) [73 Misc 3d 145(A)]

Decided on December 17, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 17, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2020-540 K C

Rodney Gonzales, Respondent,
against
Food First HDFC, Inc., and Carmen Santana, Appellants.

Thomas M. Desimone, for appellants.
Christopher R. Lynn, for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Robin
Kelly Sheares, J., on liability; Sandra E. Roper, J., on damages), entered January 6, 2020. The
judgment, after separate nonjury trials on the issues of liability and damages, awarded plaintiff
the total sum of $42,672.64.

ORDERED that the judgment is reversed, without costs, and the matter is remitted to the
Civil Court for the entry of a judgment in favor of defendants dismissing the complaint.
Plaintiff, a former janitor at Food First HDFC, Inc. (Food First), a non-profit entity that runs
a shelter for victims of domestic violence, commenced this action alleging false arrest and false
imprisonment against Food First and Carmen Santana, the head of security at the shelter. Plaintiff
claimed that he was falsely arrested and charged with petit larceny after he was found to be in
possession of allegedly stolen food. Following a nonjury trial on the issue of liability, the Civil
Court (Robin K. Sheares, J.) found in favor of plaintiff. After a nonjury trial on the issue of
damages (Sandra E. Roper, J.), a judgment was entered in favor of plaintiff in the total sum of
$42,672.64.
The evidence revealed that, at the end of the workday on August 15, 2016, Santana had
noticed that plaintiff's backpack was much bigger than it had been when he arrived at work that
morning and so she asked plaintiff if she could look inside of it. Plaintiff refused and Santana
called the police. Police Officer Kanesha Smith testified that, when the officers arrived, her
partner went to the food pantry and the refrigerator at the shelter and Santana described the items
that were missing from the shelves. Outside of Santana's presence, plaintiff gave the officers
[*2]permission to open his backpack. Officer Smith saw that
plaintiff's backpack contained the items that Santana had described as missing. When asked if he
had a receipt for the items found in his backpack, plaintiff said that he did not. As a result, the
police arrested defendant for petit larceny. The court noted that when the case "went through the
criminal process, [defendant] had a disposition of disorderly conduct."
False arrest and false imprisonment are similar torts (see Cayruth v City of Mount
Vernon, 188 AD3d 1139, 1140 [2020]; Jackson v Police Dept. of City of NY, 86
AD2d 860 [1992]). The elements of both are 1) the defendant intended to confine the plaintiff, 2)
the plaintiff was aware of the confinement, 3) the plaintiff did not agree to be confined, and 4)
the confinement was not otherwise privileged. "In order to hold a civilian defendant liable for
false arrest, the plaintiff must establish that that defendant did not merely report a crime to the
police or participate in the prosecution, but actively importuned the police to make an arrest
without reasonable cause to believe in the plaintiff's culpability" (Rivera v County of
Nassau, 83 AD3d 1032, 1033 [2011] [internal quotation marks and brackets omitted]).
Civilian complainants, such as defendants herein, who merely seek police assistance or furnish
the authorities with certain information, cannot be held liable for false arrest, where the
authorities are free to exercise their own judgment, based on that information, in determining
whether the accused should be arrested or criminal charges filed (see Levy v Grandone,
14 AD3d 660, 661 [2005]; Mesiti v Wegman, 307 AD2d 339 [2003]; O'Connell v
Luebs, 264 AD2d 385 [1999]).
While a decision rendered by a court after a nonjury trial should not be disturbed on appeal
unless it is clear that its conclusions could not have been reached under any fair interpretation of
the evidence (see Ardmar Realty Co. v Building Inspector of Vil. of Tuckahoe, 5 AD3d
517, 518 [2004]), here, plaintiff clearly failed to satisfy his burden of proof. The evidence
showed that Santana had reason to believe that defendant had stolen items from the pantry and
refrigerator, and thus called the police. Thereafter, it was the police who took note of the items
Santana said were missing and the police who found the allegedly missing items in plaintiff's
backpack. A police officer asked plaintiff if he had a receipt for the items and plaintiff answered
that he did not. It was then that the police arrested plaintiff. Thus, the evidence presented did not
warrant a verdict in favor of plaintiff based on defendants' alleged commission of the torts of
false arrest and false imprisonment.
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for the
entry of a judgment dismissing the complaint.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 17, 2021